GERTRUDE E. CHASE *vs.* PERLIE D. CHASE & others.

Suffolk. March 3, 1930. — May 28, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Trust,* Resulting. *Evidence,* Competency, Relevancy and materiality, Privileged communication, Stenographer's report. *Equity Pleading and Practice,* Appeal; Master: findings, exceptions to report. *Married Woman.* *Equity Jurisdiction,* Laches. *Executor and Administrator.* *Witness,* Redirect examination.

A bill in equity by a widow against her husband's children by a former marriage and the administrator *de bonis non* of his estate contained allegations that real estate standing in his name and a business carried on thereon in his name were in reality her property although such permits and licenses as were required had been issued to him and no married woman's certificate had been filed under G. L. c. 209, § 10; and the plaintiff sought a transfer to her of the legal title to such property. The suit was referred to a master, whose report contained no report of the evidence and who found that the facts alleged in the bill were true. There was entered an interlocutory decree overruling exceptions by the defendants. Upon appeal by the defendants, it was *held,* that

(1) The evidence not having been reported, exceptions to certain findings by the master and refusals by him to make certain other findings properly were overruled;

(2) There was no error in overruling exceptions to the exclusion of certain questions to witnesses where it did not appear what answers the witnesses would have made;

(3) No error appeared in the admission by the master of testimony by an attorney as to what the deceased husband had said to him in a conversation when the husband came to him in behalf of the plaintiff, where the ruling admitting such testimony involved a finding by the master as a matter of fact that the attorney was not acting for the husband and that the conversation therefore was not privileged as one between attorney and client;

(4) There was no error in the admission of testimony by the plaintiff that, when she first consulted said attorney, she told him the same things that she said in her testimony: statements to her attor-

ney were competent, not to corroborate her subsequent testimony before the master, but to determine the value of the advice which he had given her;

(5) No error appeared in the exclusion, as immaterial, of testimony by a witness that he had known the deceased husband when he worked in the same office with him; that he also was a student of law; that he knew the husband had property in the place where the property in suit was located; and that the husband had asked him what would happen to his property if he died without leaving a will;

(6) It was within the discretion of the master to admit or exclude a question to a witness on redirect examination, where the subject matter of the question had been covered in his direct examination and had not been brought up in cross-examination, and the question did not direct the witness's attention to any omission in his testimony: no abuse of discretion appeared in the exclusion of such question;

(7) There was no error in excluding a letter written by the plaintiff's counsel to the defendants' counsel at a time when negotiations for a compromise were being had, it not appearing that the letter contained matters relating to anything independent of such negotiations.

It appeared from the master's report in the suit in equity above described that the plaintiff had been appointed administratrix of her husband's estate and had filed an inventory therein listing as his the property in suit; that, after hearing by the judge of probate of a subsequent petition by the heirs, she had been removed on the ground that her interest as an individual conflicted with her duty as administratrix; and that the report of the facts found by the judge of probate had been admitted by the master. The master excluded the report by the stenographer of the testimony taken at the hearing before the judge of probate, which had been used by both parties in the examination of witnesses before the master. *Held*, that

(1) Although the portions of the stenographer's report which had been used by the parties before the master could have been put in evidence before him, portions not so used, and the testimony of witnesses not before the master, were inadmissible;

(2) St. 1927, c. 332, § 11, did not render the entire report of the stenographer admissible regardless of whether portions thereof were competent or incompetent;

(3) There was no error in the exclusion of such report.

It further appeared in the suit in equity above described that a creditor of the business in suit had brought an action against the husband's estate, but that no personal property employed in the business had been attached or taken on execution therein. A final decree was entered in the suit adjudging the plaintiff to be the owner of the property in suit, ordering a conveyance thereof to her, and requiring her to assume and pay a mortgage on the land, to pay the debts of the business and to save her husband's estate harmless from liability therefor. *Held*, that

(1) The land in suit was not subject to the husband's debts although no married woman's certificate had been filed under G. L. c. 209, § 10;

(2) The personal property in suit was not subject to those debts in the absence of an attachment or levy by the husband's creditors;

(3) Furthermore, the occasion for the filing of the certificate ceased upon the husband's death: the plaintiff's property thereafter was not liable to be taken for his debts;

(4) The defendant administrator had no interest in the property in suit as a representative of the husband's creditors;

(5) The failure to file the certificate was immaterial;

(6) The final decree sufficiently protected the husband's estate and the defendant administrator from liability for the debts of the business;

(7) The final decree was proper and must be affirmed.

There was no merit in a contention by the defendants in the suit above described that the plaintiff was barred by laches.

BILL IN EQUITY, filed in the Superior Court on November 20, 1928, and described in the opinion.

The suit was referred to a master. Exceptions by the defendants to the admission and exclusion of evidence by him are described in the opinion. The testimony of the witness Sullivan, excluded as immaterial, was to the effect that he had known Chase; that he knew Chase "had some property out in Lexington"; and that, while he was working in the same office with Chase, and also was a law student, Chase asked him "What would happen if I died, what would happen to my property if I died without leaving a will?"

By order of *Burns*, J., there were entered an interlocutory decree overruling the exceptions and confirming the report, and a final decree described in the opinion. The defendants, except Lexington Trust Company, appealed from both decrees.

*R. E. Johnston*, (*M. H. Shanly, M. B. Lynch, & P. D. Chase, pro se*, with him,) for the defendants.

*W. J. Good*, for the plaintiff.

WAIT, J. The plaintiff claims to be the owner of parcels of real estate in Lexington and Malden and of the business carried on upon them. She brought her bill to compel transfer of the legal title to herself, subject to a mortgage to the defendant Lexington Trust Company, and to prevent interference with her ownership and conduct of the businesses. She is the widow of one Lloyd H. Chase in whose name the real estate stood and the businesses were carried

on at the time of his death. The defendants are the three children of Chase by a former marriage, the administrator *de bonis non* of Chase's estate, and the Lexington Trust Company. The bill alleged that the real estate was purchased with money of the plaintiff, but the conveyances taken in the name of Chase, who gave to her mortgages in the amounts paid with the understanding that no liability between them was created by the mortgage notes and that the title was held for her; that Chase, so far as he conducted the gasoline stations and roadside stand upon the lands, acted as her agent; that she, in fact, carried on the business with her money and for her benefit, although such permits and licenses as were required were taken by and issued to him, and although at no time was a married woman's certificate under G. L. c. 209, § 10, filed; that the lands were purchased before her marriage to Chase pursuant to agreements made before the marriage, except as to one parcel. The only allegation of the bill found to be untrue was the date of the marriage, alleged as July 28, 1924, and found to be in 1926, (after all the conveyances had been made). The remaining allegations the master found to be true. The defendants other than the Lexington Trust Company filed numerous objections and exceptions when the master's report came in, and on their motion, the report was recommitted for the sole purpose that such rulings on the admission and exclusion of evidence as they might desire and specifically call to the master's attention might be reported with so much of the evidence as would enable the judge to pass upon them. The exceptions were heard on the coming in of the supplementary report. All were overruled. An interlocutory decree was made confirming the master's report; and, after hearing on the merits, a decree was ordered requiring the children to convey the legal title of the lands to the plaintiff who was declared to be the sole beneficial owner under a resulting trust; requiring the plaintiff to pay all debts incurred in carrying on the businesses and to hold the estate of Lloyd H. Chase harmless from liability therefrom, declaring those businesses to belong to the plaintiff, free from obligations to the estate of Chase, who

had no interest therein, or to his administrator; requiring the plaintiff to assume and pay the mortgage held by the Lexington Trust Company to which portions of the premises were subject, and awarding her costs against the defendants other than the administrator and the trust company. The children and the administrator appeal from both decrees.

No serious contention is made that there was error in the final decree if the interlocutory decree was proper. The defendants' attack is upon the propriety of the master's findings. The substantial question is whether there was error in the admission or rejection of evidence which requires us to sustain the appeal. Where all the evidence is not reported, no good exception lies to the master's findings of fact or refusals to find as requested, if there is any evidence which in law can sustain him. *Sibley* v. *Garland*, 239 Mass. 20. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330. The exceptions apart from those to evidence related to such findings or refusals. They were overruled properly.

The fundamental issue was the truth or falsity of the plaintiff's claim that the lands and the businesses were her property, — that she supplied the money which obtained, established and carried them on. On this issue her conduct at all times was relevant. There was evidence that, after her husband's death, she petitioned to be appointed and was appointed administratrix of his estate and, as such, filed an inventory which scheduled as his estate the property which she is now claiming as her own; that, later on, the children sought her removal on the ground that she was unfit because her interest as an individual was opposed to her interest as administratrix; that the Probate Court found there was such diversity of interest and removed her; that negotiations between the children and herself had taken place looking to an adjustment. The report of the probate judge filed as his finding of material facts was introduced in evidence, and was set out at length in the master's report. The master excluded the stenographer's report of the testimony taken in the Probate Court. At one time or another, both parties had asked that it be admitted, and on objection then made by the other, it had been excluded. At no time did both consent

to its admission. It was used by both, and properly, in the examination of witnesses before the master. The portions so used could have been put in before him; but portions not so used, and testimony of witnesses not before the master, were clearly inadmissible. The St. 1927, c. 332, § 11, makes a transcript of notes taken by a stenographer duly appointed and sworn admissible only "whenever proof of such testimony is otherwise competent." The statute does not make a transcript of all the testimony at one trial admissible *en bloc* at another regardless of the competency or incompetency of portions of what it contains. The rulings were right.

A witness, Lamont, was asked if he remembered what one Brade, acting as attorney for the plaintiff in the Probate Court, stated as her claim against Chase's estate. On objection the question was excluded. It nowhere appears what answer he would have made. No prejudice appears from the exclusion.

No error appears in permitting Brade to testify to what was said by Chase in a conversation when Chase came to him on behalf of his wife. The defendants contend that the statement was confidential as Chase was consulting him on his own behalf. It was for the master to determine for whom Brade was acting. His ruling involves a finding that the conversation was not between attorney and client. Whether the statement of Brade with regard to the plaintiff's claim against her husband's estate and the amount she then claimed and with regard to her answer that her husband had property at Malden, made in the hearing in the Probate Court, were competent need not be decided because no offer was made to show the answer expected; and, therefore, no good exception to the exclusion exists.

We find no error in the admission of the plaintiff's statement that when she first consulted Brade she told him the same things she testified to before the master. The defendants contend that this was evidence of previous consistent statements and, therefore, inadmissible in her own behalf. Inasmuch as advice of her counsel was pertinent in the circumstances, what she told him was competent, not

to corroborate her testimony to the master, but to determine the value of that advice. If she had told counsel a different story from what she told the master, the latter might well reach a different conclusion in deciding upon the propriety of her conduct.

Nothing is set out to show any prejudice to the defendants from striking out testimony of one Sullivan as immaterial. Counsel were asked by the master to argue its materiality, but declined. We see nothing to indicate mistake in deeming it immaterial.

There was no error in excluding a question in reëxamination asking the witness Keniston if he had anything then in mind to indicate that any one had a purpose other than indicated by a deed of one of the lots to Chase. The matter had been covered in direct examination. It had not been opened in cross-examination. Such a question does not call the witness's attention to any omission. It was a matter of the master's discretion whether or not to permit an answer.

Nor do we discover error in the exclusion of a letter passing from the plaintiff's to defendant's counsel during a period in which negotiations for compromise were going on. _Garber_ v. _Levine_, 250 Mass. 485, 490, and cases cited. _Snell_ v. _Rousseau_, 257 Mass. 559. The master ruled that it was written in consequence of compromise negotiations. The letter is not before us. There is nothing to show that it contained any matter independent of the compromise negotiations which would have made it admissible under decisions like _Wagman_ v. _Ziskind_, 234 Mass. 509, or _Durgin_ v. _Somers_, 117 Mass. 55.

We have considered only the exceptions argued by the defendants. We find nothing in them which justifies reversing the decree. All the facts which could have been shown by the testimony offered and excluded were shown by other witnesses or evidence before the master. The defendants suffered no prejudice. We are not required to deny confirmation of the report. _Mason_ v. _Albert_, 243 Mass. 433.

There was evidence that a creditor of one of the businesses had brought suit, which was then pending, against

the administrator *de bonis non*, but there was no evidence that personal property of the plaintiff employed in the business had been attached or taken on execution in the suit. The failure to file a certificate as a married woman under G. L. c. 209, § 10, was immaterial, except as evidence on the issue of ownership. The decree protects the estate of Chase and the administrator from responsibility if judgment goes against them. Real estate of a married woman is not subject to the debts of her husband, even if she carries on business and neither wife nor husband files the certificate. *Bancroft* v. *Curtis*, 108 Mass. 47. Nor is her personal property employed in the business liable for his debts unless attached or levied upon. The administrator of Chase as a representative of his creditors had no rights in property of the widow engaged in business. With the death of Chase the marriage ended, and the occasion for a certificate as a married woman doing business ceased. *Allen* v. *Clark*, 190 Mass. 556. The wife's property was no longer liable to be taken for the husband's debts. It has always been, and it remains, liable to be taken for debts of her own.

We see nothing to justify the defendants' contention that the plaintiff is guilty of laches.

> *Decrees affirmed with costs against*
> *the defendants Dillion, Perlie D.*
> *and Hildred V. Chase.*