## COMMONWEALTH *vs*. ROBERT L. FITTA..

Bristol. November 10, 1983. — March 13, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Due Process of Law,* Vagueness of statute. *Indecent Exposure. Open and Gross Lewdness and Lascivious Behavior. Practice, Criminal,* Report.

The provision of G. L. c. 272, § 16, penalizing "open and gross lewdness and lascivious behavior" was not unconstitutionally vague and overbroad as applied to a defendant charged with a violation of the statute for exposing his penis to children who approached him while he was seated in his automobile. [395-396]

Although particular conduct may violate both G. L. c. 272, § 16, penalizing "open and gross lewdness and lascivious behavior," and § 53, penalizing "indecent exposure," the disparity of their individual sentencing provisions is not violative of the Fourteenth Amendment to the Federal Constitution. [397-398]

COMPLAINT received and sworn to in the Taunton Division of the District Court Department on July 16, 1982.

After the defendant claimed a jury trial in the Second Bristol Division, questions of law were reported to the Appeals Court by *Anderson, J.* The Supreme Judicial Court ordered direct review on its own initiative.

*Michael J. Tremblay* for the defendant.

*Patricia O. Ellis,* Assistant District Attorney *(Phillip L. Weiner,* Assistant District Attorney, with her) for the Commonwealth.

ABRAMS, J. The defendant is awaiting trial before a jury of six[1] on a complaint charging him with "open and gross lewdness and lascivious behavior." G. L. c. 272, § 16. Prior to trial, the defendant moved to dismiss the complaint on the ground that the statute under which the crime was charged was so vague and over-

---

[1]The defendant sought a jury trial in the first instance. See G. L. c. 218, § 26A.

broad that it deprived him of his constitutional rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States. Relying on *Lanzetta* v. *New Jersey,* 306 U.S. 451, 453 (1939), and *Connally* v. *General Constr. Co.,* 269 U.S. 385, 391 (1926), the defendant claims that the portion of G. L. c. 272, § 16, under attack is "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application [and thus] violates the first essential of due process of law." *Connally, supra* at 391.

After hearing, a judge of a District Court reported two questions, without decision, to the Appeals Court concerning the constitutionality of the portion of G. L. c. 272, § 16, penalizing "open and gross lewdness and lascivious behavior."[2]  See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We transferred the report to this court on our own motion. We hold that the challenged portion of G. L. c. 272, § 16, is not unconstitutionally vague and overbroad, and that the disparity of the sentencing provisions between open and gross lewdness and lascivious behavior, and indecent exposure, does not render the statute with the greater penalty unconstitutional.

We summarize the agreed facts. At approximately 9:25 P.M., the defendant was sitting in his parked car. Two ten-year-old boys were playing nearby. The defendant called out to one of them, "You have nice legs," and then asked what he was doing. When the children approached the defendant's vehicle, the defendant exposed his penis to the boys.

1. *Constitutionality of G. L. c. 272, § 16, as applied.* The defendant asserts that the challenged portion of G. L. c. 272, § 16,

---

[2] "1.  Whether the phrase 'open and gross lewdness and lascivious behavior' pursuant to G. L. c. 272, § 16 is unconstitutionally vague and overbroad when said language imposes criminal liability upon an individual who is found to have intentionally exposed his penis to ten year old children without necessity or reasonable excuse and in such a way as to produce alarm?

"2.  Whether 'lewd, wanton and lascivious persons in speech or behavior' or 'indecent exposure' prohibited pursuant to G. L. c. 272 § 53 constitutes the same conduct which is made criminal to G.L. c. 272 § 16 and whether Section 16 is thereby rendered unconstitutional by virtue of the disparity in the sentencing provisions of these two sections?"

does not provide sufficient notice as to what conduct may violate the statute. In making his argument, the defendant looks solely to the words of the statute. However, longstanding judicial interpretation clearly conveys "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices [so that the challenged portion of the statute is] constitutionally adequate." *Commonwealth* v. *Jarrett,* 359 Mass. 491, 496-497 (1971). See *Ward* v. *Illinois,* 431 U.S. 767, 771 (1977); *Rose* v. *Locke,* 423 U.S. 48, 52-53 (1975); *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983); *Commonwealth* v. *Templeman,* 376 Mass. 533, 538 (1978).

We have stated that " [t]he 'open and gross lewdness' provision has been said to be 'closely similar' to the offense of indecent exposure, *Commonwealth* v. *Broadland,* 315 Mass. 20, 22 (1943), and has been applied primarily to indecent exposure in front of, and sexual conduct with, children." *Commonwealth* v. *Sefranka,* 382 Mass. 108, 116 (1980). Accord *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983). In discussing open and gross lewdness and lascivious behavior, we have said that the defendant's act must be committed "in such a way as to produce alarm" or shock. *Commonwealth* v. *Wardell,* 128 Mass. 52, 53 (1880). Indecent exposure, on the other hand, only requires "an intentional act of lewd exposure, offensive to one or more persons." *Commonwealth* v. *Broadland, supra* at 21-22, quoting *Commonwealth* v. *Cummings,* 273 Mass. 229, 231 (1930).

To convict a defendant of open and gross lewdness and lascivious behavior, the Commonwealth must prove that the conduct is committed in "such a way as to produce alarm" or shock. This element of the crime of open and gross lewdness and lascivious behavior is not required for indecent exposure. Thus, if the Commonwealth were to prove beyond a reasonable doubt that the defendant "intentionally, indecently, and offensively expos[ed] himself . . . to [a child] of tender years, without necessity or reasonable excuse, and in such a way as to produce alarm . . . [the defendant would be] guilty of gross lewdness and lascivious behavior." *Commonwealth* v. *Wardell,* 128 Mass. 52, 53 (1880). See *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983); *Commonwealth* v. *Dickinson,* 348 Mass. 767 (1964).

2. *Overlap of G. L. c. 272, § 16, and G. L. c. 272, § 53.*[3] The defendant argues that, since G. L. c. 272, § 53 ("indecent exposure"), and G. L. c. 272, § 16 ("open and gross lewdness and lascivious behavior"), could, on the facts of this case, be used to punish identical conduct, the disparity of their sentencing provisions makes them "constitutionally vague."[4] Since § 16 requires proof of an element not required for indecent exposure, the defendant's argument fails.

The defendant also argues that, if two statutes punish the same conduct but impose different penalties, the statute imposing the greater penalty is unconstitutional as a matter of Federal constitutional law. This claim, however, has been rejected by the United States Supreme Court. "[P]articular conduct may violate both [statutes but] does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *United States* v. *Batchelder,* 442 U.S. 114, 123 (1979). See *United States* v. *Abraham,* 627 F.2d 205 (9th Cir. 1980); *United States* v. *Carpenter,* 611 F.2d 113 (5th Cir.), cert. denied, 447 U.S. 922 (1980). See also *People* v. *Ford,* 417 Mich. 66 (1982); *State* v. *Karpinski,* 92 Wis. 2d 599 (1979).

Finally, we repeat that " '[i]nterlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing.' *John Gilbert Jr. Co.* v. *C. M. Fauci Co.,* 309 Mass.

---

[3] General Laws c. 272, § 53, amended through St. 1973, c. 1073, § 20, sets the punishment at not more than six months' imprisonment in a house of correction or jail, or a fine of not more than two hundred dollars, or both. General Laws c. 272, § 16, sets punishment at up to three years in a State prison or two years in a jail, or a fine of not more than three hundred dollars.

[4] The defendant does not make any claim under the State Constitution. Thus we decide these issues solely on the basis of Federal constitutional principles.

271, 273 [1941]. *Bendslev* v. *Commissioner of Pub. Safety*, 328 Mass. 443, 445 [1952].'' *Commonwealth* v. *Henry's Drywall Co.,* 362 Mass. 552, 557 (1972). It is not clear that the test was met in this case, where the trial will be short, the issues are clear cut, there are ample precedents, and the defendant only agrees to facts for purposes of a report. The better practice is for a judge to decide the issues raised by a defendant's motion to dismiss. In the event of conviction, appellate review is available to a defendant. See G. L. c. 218, § 27A. If the motion to dismiss is allowed, the Commonwealth has the right to appeal. See Mass. R. Crim. P. 15 (*a*), 378 Mass. 882 (1979).

Our answers to the reported questions are:

1. General Laws c. 272, § 16, penalizing ''open and gross lewdness and lascivious behavior'' is not unconstitutionally vague and overbroad.

2. The disparity of the sentencing provisions between open and gross lewdness and lascivious behavior, and indecent exposure, is not violative of the Fourteenth Amendment to the Constitution of the United States.

The case is remanded to the District Court jury-of-six session for trial.