## COMMONWEALTH vs. MICHAEL F. ARTHUR.

Norfolk. May 3, 1995. - June 13, 1995.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Indecent Exposure. Constitutional Law*, Vagueness of statute. *Due Process of Law*, Vagueness of statute.

At the trial of a complaint for indecent exposure in violation of G. L. c. 272, § 53, the evidence was not sufficient to prove beyond a reasonable doubt that the defendant exposed his genitalia. [537]

Discussion of cases which constitute the scope of statutes prohibiting indecent exposure with regard to constitutional principles of due process. [537-540]

The term "indecent exposure" as found in G. L. c. 272, § 53, and as construed in the decisional law of the Commonwealth was unconstitutionally vague as applied to a criminal defendant who had exposed his pubic hair or genital area but not his genitalia, and the defendant's conviction under the statute for such behavior was invalid. [540-541]

COMPLAINT received and sworn to in the Wrentham Division of the District Court Department on July 12, 1993.

On transfer to the jury session of the Dedham Division, the case was tried before *William T. Hogan, Jr.*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*J. Russell Hodgdon* (*William E. Scannell* with him) for the defendant.

*Joseph Brodigan*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. The defendant, Michael F. Arthur, was charged in the District Court with indecent exposure in vio-

lation of G. L. c. 272, § 53 (1992 ed.).[1] The defendant requested a first instance jury trial, and after trial before a jury of six, was found guilty of the charge. He appealed, and we transferred the case here on our own motion. We conclude that the conviction must be reversed, and judgment entered for the defendant.

The Commonwealth presented evidence in its case as follows. At about 10:45 A.M., on July 11, 1993, a mother and her then nine year old daughter were sitting in their vehicle waiting to leave a parking lot in Medway. The defendant walked in front of the vehicle. The mother described him as wearing a white "tank top" and blue shorts. The daughter described him as wearing a white tank top and a light blue bathing suit.

The defendant walked by the vehicle, rubbing his stomach with one hand while holding his tank top with the other. After he rubbed his stomach, the defendant started to pull up his shirt and to display his stomach while staring "affectionately" at the mother and her daughter. The mother observed the defendant lower his shorts, and she saw what she believed was pubic hair, a conclusion she reached because the defendant had a tan line. The mother averted her gaze because she did not want to see anything further.

The daughter testified that she saw the defendant pull the waistband on the right side of his bathing suit down to his knees. The daughter indicated that, as the defendant did this, the left side of his bathing suit "jerked" down to his mid-thigh. The defendant did not have any clothes on under his bathing suit, and his movement revealed his crotch area and pubic hair to the daughter, who also immediately turned her attention away. Neither the mother nor the daughter saw any portion of the defendant's genitalia or buttocks. The incident was reported to the police. A Medway police officer stopped the defendant, and, after questioning, placed him

---

[1] A nolle prosequi was entered on an additional charge which asserted that the defendant had violated the lewd, wanton, and lascivious person provision of G. L. c. 272, § 53 (1992 ed.).

under arrest. The defendant was subsequently identified by the mother and daughter at the police station.

In his closing argument, the prosecutor argued that the evidence was sufficient to compel the conclusion beyond a reasonable doubt that the defendant had exposed his penis to the complainants. The prosecutor further argued that, even if it had not been proved that the defendant had exposed his genitalia, there was proof beyond a reasonable doubt that the complainants had observed pubic hair. This exposure, it was argued, was "so closely connected to [the] genital area, that it could be considered part of [the] genital area," and was sufficient to constitute indecent exposure. The judge instructed the jury that the defendant could be found guilty of indecent exposure only if they found (among other things), beyond a reasonable doubt, that he had "exposed his genitals or buttocks to one or more persons."

1. The defendant concedes that, if the evidence were sufficient to prove beyond a reasonable doubt that he exposed his genitalia, his conviction under G. L. c. 272, § 53, would be warranted. See *Commonwealth* v. *Bishop*, 296 Mass. 459, 460 (1937) (defendant completely naked from waist down). The point is close, but we agree with the defendant's contention that the evidence did not warrant the conclusion that the defendant had exposed his genitalia. We do not deem the daughter's testimony concerning the defendant's pulling down of the right side of his bathing suit or shorts as sufficient to support an inference by the jury beyond a reasonable doubt that his conduct at that point had necessarily exposed some portion of his genitalia.[2]

2. We turn therefore to the Commonwealth's alternative contention, which was argued to the jury, that exposure of pubic hair falls within the ambit of the statutory prohibition

---

[2]Our agreement with the defendant's argument concerning the sufficiency of the evidence will not benefit the individual whose conduct is sufficiently offensive that his victims turn away before he has completed an act of indecent exposure. There may be evidence sufficient to prove that exposure of genitalia occurred, even when a victim has averted his or her eyes. Such evidence was lacking in this case.

in G. L. c. 272, § 53, against "indecent exposure." We have said that "[i]ndecent exposure . . . requires 'an intentional act of lewd exposure, offensive to one or more persons.' *Commonwealth* v. *Broadland*, [315 Mass. 20,] 21-22 [1943], quoting *Commonwealth* v. *Cummings*, 273 Mass. 229, 231 (1930)." *Commonwealth* v. *Fitta*, 391 Mass. 394, 396 (1984). The defendant argues that, if the statute is construed to prohibit the exposure of pubic hair, its application to him would violate constitutional principles of due process.[3] See *Commonwealth* v. *Fitta, supra* at 395-396 (statute must provide sufficient notice as to what conduct will violate its provisions); *Commonwealth* v. *Sefranka*, 382 Mass. 108, 117-118 (1980) (same). We have not had occasion to consider whether exposure of the genital area or pubic hair might be indecent within the meaning of the statute. See *Commonwealth* v. *Sefranka, supra* (construing and defining conduct which would warrant conviction under "lewd, wanton and lascivious persons" provision of G. L. c. 272, § 53).[4]

---

[3]"Generally, a challenge to the constitutionality of a statute *as applied* should be preserved in a motion for a required finding of not guilty . . ." (emphasis in original). *Commonwealth* v. *Oakes*, 407 Mass. 92, 94 (1990). It does not appear that the defendant argued below that, if the statute was construed to prohibit the exposure of pubic hair, it would be unconstitutionally vague as applied to him. Until the point was raised in the prosecutor's closing argument, it was not apparent that the Commonwealth espoused this interpretation of the term "indecent exposure." Thus, the defendant could not have anticipated the issue in his motion for a required finding, which was filed at the close of the Commonwealth's evidence in accord with Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). In view of the argument, and the judge's instruction, which did not clarify whether the term "genitals" could include the genital area, it is possible that the defendant's conviction rested on proof of the exposure of pubic hair only. For this reason, and because Massachusetts decisions have not, thus far, provided clear and definite content to the term "indecent exposure," we exercise our power to reach an issue that was not squarely raised at trial. See *Commonwealth* v. *Oakes, supra* at 94-95; *Commonwealth* v. *Sefranka*, 382 Mass. 108, 115 (1980); *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967).

[4]It was noted in *Commonwealth* v. *Sefranka, supra* at 112, that "most of the provisions in § 53 have been attacked for vagueness." See also *Commonwealth* v. *Templeman*, 376 Mass. 533, 535 (1978).

"[A] law is not vague [in the constitutional sense] if its meaning is ascertainable by reference to similar or related statutes, or if the questioned [term has] a commonly understood meaning. See *Commonwealth* v. *King,* 374 Mass. 5, 12-13 (1977); *Commonwealth* v. *Jarrett,* 359 Mass. 491, 496-497 (1971). Further, even a vague statute may be made constitutionally definite by giving it a reasonable construction. See, e.g., *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 595-598 (1975); *Alegata* v. *Commonwealth,* 353 Mass. 287, 303-304 (1967)." *Commonwealth* v. *Sefranka, supra* at 111. The offense of indecent exposure has been defined as the wilful and intentional exposure of the private parts of one's body. See *Duvallon* v. *District of Columbia,* 515 A.2d 724, 726 (D.C. 1986). See also 3 C. Torcia, Wharton's Criminal Law § 317 (14th ed. 1980). In truly circular fashion, it has been said that "private parts," the exposure of which constitutes the offense, are those parts of the body "which instinctive modesty, human decency or self-respect require shall be kept covered in the presence of others." *State* v. *Borchard,* 24 Ohio App. 2d 95, 100 (1970). See Black's Law Dictionary 768 (6th ed. 1990). Courts construing legislation with general language similar to that found in § 53, have differed on its applicability. In *Duvallon* v. *District of Columbia, supra,* construing legislation which made unlawful an individual's "obscene or indecent exposure of his or her person," the court held that the statute applied only to the exposure of a person's genitalia and did not apply to the intentional exposure of the buttocks. *Id.* at 725, 728. The court concluded that to construe the statute as applying to an intentional exposure of the buttocks "would raise an issue of vagueness [in the constitutional sense]." *Id.* at 728 n.10. See *State* v. *Parenteau,* 55 Ohio Misc. 2d 10, 11 (1990) (female breasts are not "private parts" within meaning of indecent exposure statute). In contrast, in *Belmar* v. *Buckley,* 187 N.J. Super. 107 (App. Div. 1982), a municipal ordinance prohibiting "indecent or unnecessary exposure" was construed to apply to the exposure of female breasts. According to the court, "the proscription against 'indecent or unnecessary exposure' of the

person would unmistakably apprise persons of ordinary intelligence that topless sunbathing on a public beach . . . is prohibited." *Id.* at 113.

Among jurisdictions which have enacted legislation naming with specificity those parts of the body exposure of which constitutes the offense, a significant number limit their prohibition to exposure of the genitalia. See *People* v. *Santorelli,* 80 N.Y.2d 875, 882 (1992) (Titone, J., concurring) (noting that twenty-two States prohibit only indecent exposure of genitalia and collecting the statutes). See also Model Penal Code § 213.5 (Official Draft 1980) (limiting model rule to exposure of genitals). So far as we have been able to determine, only three States (Indiana, Iowa, and New Mexico), would treat as indecent the intentional exposure of the genital area or pubic hair, and these jurisdictions do so by means of legislation which is explicit in its terms. See Ind. Code Ann. § 35-45-4-1 (Burns 1994) (prohibiting exposure of pubic area or buttocks); Iowa Code § 709.9 (1992) (prohibiting exposure of "genitals or pubes"); N.M. Stat. Ann. § 30-9-14 (Michie 1978) (prohibiting exposure of primary genital area). It thus appears that the term "indecent exposure" lacks a "commonly understood meaning," *Commonwealth* v. *Sefranka, supra* at 111, when considered with respect to parts of the body other than the genitalia. Certainly, it cannot be said that any commonly accepted definition of the term extends to the exposure of the genital area or pubic hair. See *Commonwealth* v. *Balthazar,* 366 Mass. 298, 300 (1974).

When a term used in a criminal statute lacks precision, it may nonetheless be "clarified by judicial explanation or by application to particular conduct." *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983). If this occurs, "the statute will withstand a challenge that it is unconstitutionally vague." *Id.* The defendant would have had fair warning that the exposure of his genitalia would be a crime from the decision in *Commonwealth* v. *Bishop,* 246 Mass. 459 (1937). Moreover, we have said that the "open and gross lewdness and lascivious behavior" provision of G. L. c. 272, § 16

(1992 ed.), is "closely similar" to the prohibition against indecent exposure in § 53. See *Commonwealth* v. *Fitta, supra* at 396; *Commonwealth* v. *Sefranka, supra* at 116. That provision has been applied to, among others, cases of indecent exposure in front of children. See *id.,* citing *Commonwealth* v. *Templeman,* 376 Mass. 533, 538 (1978). Cases of conduct amounting to indecent exposure brought pursuant to the provisions of G. L. c. 272, § 16, invariably have involved exposure of the genitalia. See *Commonwealth* v. *Adams, supra* at 266 (defendant driving automobile with his penis exposed); *Commonwealth* v. *Dickinson,* 348 Mass. 767 (1964) (defendant naked from waist down in automobile); *Commonwealth* v. *Wardell,* 128 Mass. 52, 53 (1880) (defendant made indecent exposure of "his person" to two young children). Neither G. L. c. 272, § 53, nor the related provisions of G. L. c. 272, § 16, have been construed by judicial decision to apply to an intentional exposure of the genital area or the pubic hair. We do not doubt that the defendant's conduct was designed to offend, and did offend, those at whom it was directed. Nonetheless, we are unable to conclude that the term "indecent exposure," or the decisional law of the Commonwealth construing the term, would have adequately apprised the defendant that the conduct in which he engaged (by which we mean the conduct proved beyond a reasonable doubt by the Commonwealth's evidence) could subject him to criminal sanctions. In these circumstances, his conviction pursuant to G. L. c. 272, § 53, must be reversed. See *Commonwealth* v. *Sefranka, supra* at 118.

The judgment of conviction is reversed and the verdict is set aside. Judgment is to be entered for the defendant.

*So ordered.*