## COMMONWEALTH *vs.* RALPH S. POILLUCCI.

No. 98-P-0302.

Middlesex. November 6, 1998. - February 9, 1999.

Present: GREENBERG, GILLERMAN, & SPINA, JJ.

*Open and Gross Lewdness and Lascivious Behavior. Motor Vehicle,* Operating to endanger, Failure to stop. *Practice, Criminal,* Required finding, Assistance of counsel.

At the jury-waived trial of indictments, the evidence on a charge of open and gross lewdness was sufficient to warrant the judge's denial of the defendant's motion for a required finding of not guilty [302-303] and the evidence on a charge of driving to endanger was sufficient to warrant conviction [304].

A criminal defendant did not demonstrate that his trial counsel rendered ineffective assistance in failing to file motions to dismiss and to suppress that had minimal or unlikely prospects of success [304-305], or by failing to make an argument that was unlikely to have influenced the fact finder [305-306].

INDICTMENTS found and returned in the Superior Court Department on August 8, 1996.

The cases were heard by *Charles M. Grabau,* J.

*Wendy B. Golenbock* for the defendant.

*Eileen M. O'Brien,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. As might be expected during rush hour on a Friday, traffic on March 22, 1996, was moderate to heavy on Route 128 as it coursed through Wakefield. A ten year old girl, the judge could have believed, saw the defendant's car driving close to her father's. She was seated directly behind her mother in the rear passenger seat and noticed the defendant — there is no dispute that he was the driver — smiling and wearing a hat. In a matter of seconds she saw him arch his back, with his shirt unbuttoned beneath his chin. All the while his left hand was "going up and down and . . . pulling" on an object that

resembled a "skin-colored belt." She felt uncomfortable and nervous and alerted her parents that the defendant was "weird." At that, her mother glanced over and observed the defendant with his shirt completely up, his stomach laid bare. Then he began to thrust his pelvic area upward, holding something with one hand, and driving with the other.

Alarmed, the mother alerted her husband, who continued to drive along; she called the police from a cellular telephone. By then, the defendant's car slowed considerably and the girl's father tried to maneuver his vehicle directly behind the defendant's. But the defendant pulled into the breakdown lane and obscured his license plate with a small piece of white paper. So they drove past and quickly stopped in the breakdown lane slightly ahead of the defendant. By then, the defendant got back inside his car, and drove a short distance to the next exit on Vernon Street. Suddenly he made a U-turn and turned back onto Route 128 North. In the course of his high-speed lane switching, the mother estimated that the defendant's speed was, at least, seventy miles per hour. Two Wakefield police officers soon caught sight of the defendant's erratic driving and began their pursuit. During the course of this chase, the defendant passed several cars, only to run through a stop sign and later drive across the curb of a traffic island. The nearest Wakefield police squad car (marked) had activated its blue lights, signaling the defendant to pull over. The defendant, however, continued weaving in and out of traffic at excessive speed. The Wakefield squad car was joined by another. Blue lights flashing, one squad car maneuvered adjacent to the defendant's car, the other directly behind. Together they forced the defendant into the breakdown lane and were able to apprehend him.

One of the police officers, Daniel Morales, observed that the defendant's shirt was untucked and disheveled, with the bottom button undone. His trousers were unfastened and one quarter of the way unzipped. No belt or tie was in sight. The defendant's car was not itself involved in any collision, though the Wakefield police observed that the defendant's car had nearly struck another car.

The defendant was charged with open and gross lewdness (G. L. c. 272, § 16), driving to endanger (G. L. c. 90, § 24), concealing the identity of a motor vehicle registration plate (G. L. c. 90, § 23), and failure to stop on signal of a police officer (G. L. c. 90, § 25). He was found guilty on all counts in a

bench trial in the Superior Court.[1] The defendant appeals on the grounds that (1) the government's evidence that he exposed himself was insufficient; (2) the evidence was insufficient to sustain his conviction of driving so as to endanger; and (3) he did not receive effective assistance of counsel. We affirm.

1. *Lewdness.* At trial, the defendant timely moved for a required finding of not guilty. Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). We appraise the evidence in the light most favorable to the government, without weighing contrary evidence presented by the defense. *Commonwealth* v. *Cordle,* 412 Mass. 172, 175 (1992). *Commonwealth* v. *Woodward,* 427 Mass. 659, 682 (1998).

To sustain a conviction of open and gross lewdness under G. L. c. 272, § 16, "the Commonwealth was required to prove five elements: (1) that the defendant exposed his genitals to one or more persons; (2) that the defendant did so intentionally; (3) that the defendant did so 'openly,' that is, either he intended public exposure, or he recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; (4) that the defendant's act was done in such a way as to produce alarm or shock; and (5) that one or more persons were in fact alarmed or shocked by the defendant's thus exposing himself." *Commonwealth* v. *Gray,* 40 Mass. App. Ct. 901, 901 (1996). See *Commonwealth* v. *Fitta,* 391 Mass. 394, 396 (1984).[2]

The defendant argues that the government's proof of exposure was insufficient because there was no eyewitness testimony by anyone who actually saw any part of his genitalia. To prove that the defendant had intentionally exposed himself, the government relied, in great part, on the young girl's testimony that the defendant was "pulling up and down" on a "skin-colored belt." This testimony supports a rational inference that the defendant was masturbating in front of her and exposing himself. See *People* v. *Vronko,* 228 Mich. App. 649, 655 (1998) (rational trier of fact could infer that the defendant was masturbating and that his penis was uncovered based on observation of defendant's

---

[1]The last two named offenses were placed on file with the defendant's consent. Consequently, they are not before us.

[2]General Laws c. 272, § 16, does not require that the exposure occur to children, though the statute is often identified as primarily being used in those circumstances. *Commonwealth* v. *Sefranka,* 382 Mass. 108, 116 (1980). *Commonwealth* v. *Fitta, supra* at 396.

bare legs and his hand moving in his crotch, and it looked like he had something in his hand). Moreover, this testimony was corroborated by other evidence. That the defendant had undone his pants and the observation by the young girl of what appeared to her to be a "skin-colored" tie or belt, coupled with the absence of evidence of an article of clothing meeting this description, support the inference that the girl had actually seen the defendant's genitalia. The mother also saw the defendant's entire abdomen area exposed, with his hand "holding something." Both the young girl and her mother observed something more than what the complainants described in *Commonwealth v. Arthur*, 420 Mass. 535, 536 (1995), where the witnesses' uncorroborated observations of the defendant rubbing his bare stomach and pulling down his shorts to reveal pubic hair were insufficient to support an inference that the defendant had exposed himself. The witnesses' failure to identify the object as the defendant's penis should not render the inference unreasonable in light of the entire testimony.[3]

The defendant also seeks to avail himself of another argument, one that was not presented to the trial judge, that there was no proof that the young girl had been "shocked or alarmed." That the girl did not express herself hysterically did not — contrary to the arguments made by the defendant — entitle him to a required finding of not guilty. A rational judge (or jury), viewing the evidence in the light most favorable to

---

[3]We do not mean to suggest that there is any requirement that the Commonwealth prove the exposure element solely by eyewitness testimony. "There may be evidence sufficient to prove that exposure of genitalia occurred, even when a victim has averted his or her eyes." *Commonwealth v. Arthur*, 420 Mass. at 537 n.2. Thus, contrary to the defendant's contentions, absent eyewitness testimony of the genitalia, the Commonwealth could still present evidence sufficient to prove exposure had occurred. *Ibid.* See *State v. Fly*, 348 N.C. 556, 561 (1998) ("that [the witness] did not crane her neck or otherwise change her position in an attempt to see more of defendant's anatomy . . . does not defeat the charge of indecent exposure").

Given this conclusion, we reject the defendant's ineffective assistance argument that is based on trial counsel's failure to elicit testimony from the young girl that she had not observed the defendant's penis. Obviously, the defendant has failed to show that "better work might have accomplished something material for the defense." *Commonwealth v. Satterfield*, 373 Mass. 109, 115 (1977). Furthermore, given that the girl was a child witness, trial counsel's decision to forgo this line of questioning was not a "manifestly unreasonable" tactical decision. See *Commonwealth v. Edward*, 34 Mass. App. Ct. 521, 524-525 (1993).

the government and hearing the girl's testimony of what she had seen and evaluating her immediate reaction, could conclude that the girl had been "upset." After observing the defendant, whom she considered "weird," she alerted her parents. See *Commonwealth* v. *Gray*, 40 Mass. App. Ct. at 901 (witness indicated disgust and immediately sought police assistance). She also testified that she felt "very uncomfortable and nervous." The judge, who was in a position to assess her demeanor, her nervousness, her intelligence, and the effect upon her of what she had experienced, could discount her reluctance to elaborate on the incident. There was no error.

2. *Sufficiency of the evidence on the motor vehicle offense.* At trial, the defendant did not challenge the sufficiency of the evidence to convict on the motor vehicle charges in a motion for a required finding of not guilty. The defendant's primary contention is that the witnesses contradicted themselves to such a degree that no rational trier of fact could have found the defendant guilty of driving to endanger. Viewing the evidence in the light most favorable to the Commonwealth — the defendant was speeding and weaving in and out of traffic, and he ran through a stop sign and drove over an island's curb — there are facts enough to withstand a motion for a required finding on the driving to endanger charge. See *Commonwealth* v. *Siciliano*, 420 Mass. 303, 307-308 (1995) (erratic operation and nearly striking traffic island sufficient evidence of driving negligently so as to endanger). There was sufficient evidence to warrant conviction of the charges against him. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

3. *Ineffective assistance of counsel.* To support a claim of ineffective assistance of counsel, the defendant must "establish more than mere error or mistake on the part of his counsel." *Commonwealth* v. *Egardo*, 426 Mass. 48, 52 (1997). The defendant must demonstrate a "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Ibid.*, quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The defendant asserts claims based on both the State and Federal Constitutions, but "if the [test in *Commonwealth* v. *Saferian*] is met, the Federal test is necessarily met as well." *Commonwealth* v. *Hung Tan Vo*, 427 Mass. 464, 469 n.11 (1998).

The defendant contends that he was denied effective assistance of counsel because of trial counsel's failure to file a motion to dismiss the indictment on the grounds that G. L. c. 272, § 16, is unconstitutionally vague as applied to him based on the Commonwealth's failure to show that the defendant exposed his genitalia.

There is nothing to this argument. We have already concluded that the evidence sufficiently supported an inference, beyond a reasonable doubt, that the defendant had exposed his genitalia, and not simply, as he argues, his pubic area.[4] The wilful exposure of one's genitalia is punishable under G. L. c. 272, § 16, as clarified by longstanding judicial interpretation. *Commonwealth* v. *Fitta*, 391 Mass. at 396. Given that the defendant's conduct fell squarely within the statute, counsel lacked a cogent argument that the statute was unconstitutionally vague as applied to the defendant. Contrast *Commonwealth* v. *Arthur*, 420 Mass. at 537-541. "It is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success." *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983). *Commonwealth* v. *Bart B.*, 424 Mass. 911, 915 (1997).

For the same reason, the defendant's argument that trial counsel's failure to file a motion to suppress the evidence of a cassette tape, recording the mother's telephone conversation with police, is equally unsuccessful to show ineffective assistance. The defendant overlooks that trial counsel had been aware of the tape and that the Commonwealth planned to present it to the court pursuant to the spontaneous utterance exception to the hearsay rule. At that time, trial counsel objected to some statements as hearsay. The judge overruled the objection and responded that the statements would not be offered for their truth. Trial counsel, thus, was aware of the nature of the tape and, as a matter of strategy, success on a motion to suppress was an unlikely prospect.

Lastly, the defendant argues that trial counsel failed to argue fully during closing arguments that the Commonwealth did not prove the "shock or alarm" element of G. L. c. 272, § 16. Again, this argument fails because the defendant cannot show that, if counsel had presented the argument to the judge, it

---

[4]Based on this conclusion, we reject any suggestion, to the extent argued by the defendant, that the evidence before the grand jury was insufficient to sustain the indictment for open and gross lewdness.

would have accomplished something material for the defense. Given that the judge, as the fact finder, demonstrated that he was instructed and informed of all requisite elements of the crimes charged, we may suppose the judge conducted the appropriate analysis. Arguing the "shock and alarm" here by defense counsel was unlikely to influence the judge as he went about his duty of finding whether all elements of the crime charged had been established beyond a reasonable doubt.

*Judgment affirmed.*