# RESCRIPT OPINIONS.

COMMONWEALTH vs. JOHN F. GRAY, JR. No. 95-P-161. February 5, 1996. *Open and Gross Lewdness and Lascivious Behavior. Practice, Criminal,* Required finding. *Joint Enterprise.*

After the defendant was convicted by a District Court jury of open and gross lewdness and lascivious behavior under a joint venture theory, G. L. c. 272, § 16, the trial judge imposed a $200 fine, a $50 surfine and a $30 victim witness assessment. The defendant appeals from the denial of his motion for a required finding of not guilty. We affirm.

When reviewing a motion for required finding of not guilty, we examine whether the evidence, viewed in the light most favorable to the Commonwealth, could satisfy any rational trier of fact of each of the elements of the crime charged beyond a reasonable doubt. *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979). In this case, the Commonwealth was required to prove five elements: (1) that the defendant exposed his genitals to one or more persons; (2) that the defendant did so intentionally; (3) that the defendant did so "openly," that is, either he intended public exposure, or he recklessly disregarded a substantial risk of public exposure, to others who might be offended by such conduct; (4) that the defendant's act was done in such a way as to produce alarm or shock; and (5) that one or more persons were in fact alarmed or shocked by the defendant's thus exposing himself. See Model Jury Instructions for Use in the District Court 5:05 (1989). See also *Commonwealth* v. *Fitta,* 391 Mass. 394, 395-397 (1984).

The jury could have found the following facts based on the Commonwealth's proof. On July 8, 1992, at approximately 12:30 P.M., Richard Gilbert, head groundskeeper and maintenance man at the Hawthorne Mall Caldor, went into one of the mall's public bathrooms to attend to his daily clean-up before leaving. As Gilbert walked into the restroom, he noticed two men in front of a urinal. One of the men (the codefendant) was standing up with his pants around his ankles and the other man (the defendant Gray) was on his knees performing fellatio on the codefendant. Upon seeing this, Gilbert immediately left the restroom in "disgust," and asked another janitor, closely situated, to call the police while he waited for the two men to emerge from the bathroom.

The defendant argues that the Commonwealth failed to prove that one or more persons were in fact "alarmed or shocked" by the defendant's behavior, the fifth element of the crime. However, on the basis of the testimony adduced at trial, the jury could have found that Gilbert was in fact alarmed by what he witnessed. Not only did he say he was "disgust[ed]" by what he saw, but he also acted swiftly and purposefully to stop and identify the perpetrators for the police.

The defendant further contends that he was improperly convicted under

a joint venture theory.[1] The test for joint venture is whether each defendant was (1) present at the scene of the crime, (2) with knowledge that another intends to commit the crime or with intent to commit a crime, and (3) by agreement is willing and available to help the other if necessary.[2] *Commonwealth* v. *Longo,* 402 Mass. 482, 486 (1988). The defendant was present in the public restroom, and actively participated in conduct facilitating the codefendant's indecent exposure. The issue, therefore, is the defendant's state of mind at the time of his conduct.

"[T]he jury may infer the requisite mental state [for a joint venture] from the defendant's knowledge of the circumstances and subsequent participation in the offense." *Longo, supra* at 486, quoting *Commonwealth* v. *Soares,* 377 Mass. 461, 470, cert. denied, 444 U.S. 881 (1979). The inference need only be reasonable and possible and need not be necessary or inescapable. *Commonwealth* v. *Casale,* 381 Mass. 167, 173 (1980). Here, where the defendant was aware of the codefendant's indecent exposure and chose to aid in prolonging this illegal conduct, the jury's inference was permissible.

*Judgment affirmed.*

*Russell C. Sobelman* for the defendant.

*Susanne G. Levsen,* Assistant District Attorney, for the Commonwealth.

---

[1]The defendant also contends that he was improperly charged under G. L. c. 272, § 16, because the statute requires indecent exposure specifically in front of children. While the statute has been "primarily" applied to children, *Commonwealth* v. *Sefranka,* 382 Mass. 108, 116 (1980); *Commonwealth* v. *Adams,* 389 Mass. 265, 271 (1983), it does not expressly include such a requirement nor has it been so construed. See, e.g., *Commonwealth* v. *Cummings,* 273 Mass. 229 (1930)(witness to defendant's "lewd and lascivious conduct" was an adult); *Commonwealth* v. *Dickinson,* 348 Mass. 767 (1964)(defendant exposed himself to female of unspecified age on college campus); *Commonwealth* v. *Adams,* 389 Mass. at 271-272 (witness to the indecent exposure was a man walking with his daughter).

[2]The defendant insists that it is integral to a joint venture charge to determine who encouraged whom into initiating the proscribed activity. However, it is not necessary that joint venturers have a formal advance plan or agreement, as long as they consciously act together before or during the crime to bring it about. See *Commonwealth* v. *Soares,* 377 Mass. 461, 471-472, cert. denied, 444 U.S. 881 (1979).