## COMMONWEALTH vs. MANUEL PEREIRA.

No. 11-P-440.

Suffolk. May 4, 2012. - August 23, 2012.

Present: GRAHAM, VUONO, & AGNES, JJ.

*Open and Gross Lewdness and Lascivious Behavior. Practice, Criminal,* Speedy trial, Mistrial. *Constitutional Law,* Speedy trial. *Evidence,* Relevancy and materiality, Opinion.

There was no merit to a criminal defendant's argument that he was denied his right to a speedy trial under Mass.R.Crim.P. 36(b), where, taking into account those days that were either excludable under rule 36 or acquiesced to or caused by the defendant, the defendant was brought to trial within one year of his return date. [345-346]

At the trial of a criminal complaint charging the defendant with open and gross lewdness in violation of G. L. c. 272, § 16, a rational jury could have found beyond a reasonable doubt that the defendant's actions produced the requisite shock and alarm in a police officer who observed the defendant. [346-348]

At the trial of a criminal complaint charging the defendant with open and gross lewdness in violation of G. L. c. 272, § 16, the judge did not err in admitting evidence concerning the obfuscation of the defendant's license plate, where the alteration could be perceived as an attempt by the defendant to conceal his identity and was thus relevant to his consciousness of guilt [348-349]; further, there was no error in the judge's admission of certain lay witness testimony [349-350], and there was no abuse of discretion in the judge's denial of a mistrial in light of her prompt response to the inadvertent admission of certain testimony [350].

COMPLAINT received and sworn to in the Charlestown Division of the Boston Municipal Court Department on October 5, 2009.

After transfer to the Central Division of the Boston Municipal Court Department, the case was tried before *Annette Forde,* J.

*Robert J.L. Moore* for the defendant.

*Sarah H. Montgomery,* Assistant District Attorney, for the Commonwealth.

AGNES, J. The defendant, Manuel Pereira, was convicted by a

jury of open and gross lewdness in violation of G. L. c. 272, § 16.[1] The defendant filed a timely notice of appeal and now raises several challenges to this conviction.

*Factual background.*[2] On September 9, 2008, Boston police Officers Emmitt Walsh[3] and Thomas Kelly responded to a radio call at approximately 5:14 P.M. Based on the call, the officers proceeded to an area near the Sullivan Square MBTA station. The area had heavy vehicle and foot traffic at the time because it was rush hour. Upon reaching the area, the officers noted a blue Volkswagen Jetta with an individual seated in the front seat. The officers' attention was drawn to this individual because "he had his head down" and "his right shoulder was hunching up and down." The individual was later identified as the defendant, and the Jetta was later determined to be his car.

Officers Kelly and Walsh parked their car and approached the defendant's car on foot. As he approached, Officer Walsh observed the defendant continuing to sit in the front seat of the car with his head down and his shoulder moving up and down. Upon reaching the window of the car, Officer Walsh directly observed the defendant with his pants and undergarments pulled down, masturbating. Officer Walsh described his reaction to the defendant's actions as feeling "personally, angry, a little bit disgusted." Officer Walsh elaborated that there were "[a] lot of people around there, it's a busy area, a lot of women around there, kids, everything so I wasn't very happy about it."

Officer Walsh then banged on the window. After a brief interaction between the defendant and Officer Walsh, the defendant stepped out of the car. Officer Walsh then placed the defendant under arrest.

*Discussion.* 1. *Speedy trial.* The defendant first avers that he was denied his right to a speedy trial under Mass.R.Crim.P. 36(b), as amended, 422 Mass. 1503 (1996), because two years

---

[1]The defendant was also convicted of indecent exposure, but that conviction was dismissed as a lesser included offense of open and gross lewdness. See, e.g., *Commonwealth* v. *Porro*, 458 Mass. 526, 531 (2010).

[2]Since the defendant challenges the sufficiency of the evidence, we recount the facts in the light most favorable to the Commonwealth. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). We reserve certain additional facts for later discussion.

[3]Officer Walsh was the Commonwealth's sole percipient witness at trial.

and twenty days elapsed between his September 10, 2008, arraignment and his September 30, 2010, trial.[4] Under Mass.R. Crim.P. 36(b)(1)(c), a defendant must be tried "within twelve months after the return day in the court in which the case is awaiting trial." See *Commonwealth* v. *Bourdon,* 68 Mass. App. Ct. 526, 527 (2007) ("return date" was arraignment). However, certain periods are excluded from the computation of the time within which the trial must commence. See Mass.R.Crim.P. 36(b)(2). In addition, if a defendant "acquiesced in, was responsible for, or benefited from the delay," the period of that delay is also excluded from the computation. *Commonwealth* v. *Rodgers,* 448 Mass. 538, 540 (2007), quoting from *Commonwealth* v. *Spaulding,* 411 Mass. 503, 504 (1992).

Here, all but 127 days of the period between the defendant's initial arraignment and the beginning of his trial either were excludable under Mass.R.Crim.P. 36(b)(2) or were acquiesced to or caused by the defendant. Accordingly, the defendant was brought to trial within one year of his return date, and the strictures of Mass.R.Crim.P. 36(b) were satisfied.

2. *Sufficiency of the evidence.* The defendant next contends that the judge erred in denying his motion for a required finding on the charge of open and gross lewdness because there was insufficient evidence that his conduct did, in fact, produce "alarm or shock" in one or more persons, one of the elements required to convict him of open and gross lewdness. See *Commonwealth* v. *Ora,* 451 Mass. 125, 127 (2008).[5] In particular, the defendant argues that the testimony of Officer Walsh, the only witness who observed the defendant's conduct, that he was "[p]ersonally, angry, a little bit disgusted" by the defendant's behavior did not sufficiently indicate that he was shocked or alarmed.

We review a challenge to the sufficiency of the Common-

---

[4]The defendant mentions the State and Federal constitutional rights to a speedy trial but raises no argument that these rights were violated.

[5]In order to convict a defendant of open and gross lewdness, "[t]he prosecution must show that (1) the defendant exposed his or her genitals, buttocks, or breasts to one or more persons; (2) the defendant did so intentionally; (3) the defendant did so 'openly,' that is, either the defendant intended public exposure or recklessly disregarded a substantial risk of public exposure to others who might be offended by such conduct; (4) the defendant's act was done in such a way as to produce alarm or shock; and (5) one or more persons were in fact alarmed or shocked by the defendant's exposure." *Ibid.*

wealth's evidence at trial to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). Where an "observer suffered significant negative emotions as a result of the exposure," the observer's reaction "could justifiably be deemed alarm or shock," as required to convict a defendant of open and gross lewdness. *Commonwealth* v. *Kessler*, 442 Mass. 770, 775 (2004), and cases cited. Witnesses are not required to use any special words to express that they experienced a significant negative emotion.

Courts have found a variety of formulations of negative emotions to satisfy the element of causing actual shock or alarm, so long as the emotions were of a significant character. See, e.g., *Commonwealth* v. *Gray*, 40 Mass. App. Ct. 901, 901 (1996) (witness "disgusted"); *Commonwealth* v. *Poillucci*, 46 Mass. App. Ct. 300, 304 (1999) (witness could be considered "upset" and stated she was "very uncomfortable and nervous"); *Commonwealth* v. *Swan*, 73 Mass. App. Ct. 258, 261 (2008) (witness "grossed out" and made "nervous"). See also *Commonwealth* v. *Guy G.*, 53 Mass. App. Ct. 271, 273 (2001) (witness, in addition to specifically being "in shock," was upset, angry, and sad). In making the determination whether the defendant's conduct produced "shock or alarm," the fact finder may consider not only the words used by the witness, but also other indicia of the witness's emotional state. See, e.g., *Commonwealth* v. *Wardell*, 128 Mass. 52, 53 (1880) (witness fleeing from exposure is relevant); *Commonwealth* v. *Gray*, *supra* (witness acting swiftly and purposefully to stop perpetrators is relevant); *Commonwealth* v. *Militello*, 66 Mass. App. Ct. 325, 334 (2006) (whether witness immediately reported incident is relevant).

The common denominator in cases holding that the evidence was sufficient to support a conviction is that "the observer suffered significant negative emotions as a result of the exposure . . . ." See *Commonwealth* v. *Kessler*, *supra* at 775. Here, there was more than mere equivocal statements of disgust. Officer Walsh was not equivocal about the fact that he experienced a significant negative emotion. His statement that he was "a little bit disgusted" immediately followed an assertion that he

was "angry."[6] As Officer Walsh also explained, his reaction was based on the fact that the defendant was masturbating in a very public area, with women and children nearby. This explanation of how the circumstances surrounding the incident influenced Officer Walsh's reaction to it, while ignored by the defendant on appeal, buttresses the inference that he experienced a significant negative emotion. See *Commonwealth* v. *Adams,* 389 Mass. 265, 271-72 (1983) (case law has made clear that masturbating in car on public road is sufficient to put person on notice that his conduct could violate statute punishing open and gross lewdness). The Commonwealth's burden of proof is not greater when the witness is a police officer simply because the duties of his or her office may expose the witness to a wider range of aberrant behavior. See *State* v. *Read,* 165 Vt. 141, 150-151 (1996) (trained police officer is not necessarily immune to instinctive human reactions). Viewing this evidence in the light most favorable to the Commonwealth, a rational jury could have found beyond a reasonable doubt that the defendant's actions produced shock and alarm in Officer Walsh. The judge did not err in denying the defendant's motion for a required finding of not guilty.

3. *Evidentiary issues.* Finally, the defendant claims that the judge erred in regard to several evidentiary issues. First, the defendant contends that the judge should have granted his motion in limine to exclude evidence concerning the obfuscation of his car's license plate because it was irrelevant, see Mass. G. Evid. § 401 (2012), and cases cited, and even if it were relevant, its ~~relevancy~~ was substantially outweighed by the danger of unfair ~~prejudice~~. See Mass. G. Evid. § 403 (2012), and cases cited. "A ~~judge~~ generally is accorded substantial discretion in deciding ~~whether~~ evidence is relevant, and if so, whether it nevertheless ~~should~~ be excluded as less probative than prejudicial." *Commonwealth* v. *Mattei,* 455 Mass. 840, 850 (2010). In this case, the ~~jury~~ could have found that the alteration of the defendant's ~~license~~ plate could be perceived as an attempt to conceal his

~~The~~ outcome in this case is not a departure from precedent simply because ~~a particular~~ combination of words has not been found to constitute significant ~~negative~~ emotions indicative of shock and alarm in prior appellate cases. The ~~determination~~ whether there was sufficient evidence that an individual suf~~fered~~ significant negative emotions is context-specific and cannot be reduced ~~to a~~ formulaic exercise. See *Commonwealth* v. *Militello, supra* at 334 n.4.

identity, which was relevant to his consciousness of guilt. See *Commonwealth* v. *Dyer*, 460 Mass. 728, 754-755 (2011), cert. denied, 132 S. Ct. 2693 (2012). Where the defendant was accused of committing a crime while sitting in his car with an obscured license plate, the judge was within her discretion in finding that the probative value of testimony regarding the obscured plate was not substantially outweighed by the danger that the jury would use such testimony as evidence of the defendant's bad character.[7]

Second, the defendant argues that the judge should have excluded Officer Walsh's testimony indicating that the driver of the defendant's car could "definitely" be seen from the sidewalk. The defendant claims that this evidence lacked adequate foundation because Officer Walsh did not have personal knowledge of whether the driver of the defendant's car could be seen from the sidewalk. See *Commonwealth* v. *Citron*, 435 Mass. 509, 521 (2001), overruled in part on other grounds by *Commonwealth* v. *Hart*, 455 Mass. 230 (2009). However, a lay witness's testimony in the form of opinion is permissible if it is "(a) rationally based on the perception of the witness; (b) helpful to . . . the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . . ." Mass. G. Evid. § 701 (2012). See *Commonwealth* v. *Cabral*, 77 Mass. App. Ct. 909, 910 (2010). Here, Officer Walsh could have rationally inferred, based on his observations of the scene, that a passerby on the sidewalk could see the defendant. In addition, this testimony was helpful to the jury's determination whether the defendant exposed himself openly or with reckless disregard of public exposure, an element of open and gross lewdness. See *Commonwealth* v. *Swan*, 73 Mass. App. Ct. 258, 260-261 (2008). The judge did not abuse her discretion in admitting this evidence. See *Salten* v. *Ackerman*, 64 Mass. App. Ct. 868, 875 (2005)

---

[7]While the defendant moved in limine to exclude this evidence, and asked the judge to note his objection after his motion was denied, he did not renew his objection when the evidence was introduced at trial. This is usually insufficient to preserve appellate rights. See Mass. G. Evid. § 103(a)(3) (2012), and cases cited. But see *Commonwealth* v. *Kee*, 449 Mass. 550, 553 n.5 (2007). We need not determine whether the defendant's pretrial objection was sufficient in this case because, regardless, there was no reversible error.

(noting judge's extensive discretion as to the admission of evidence).

Finally, the defendant maintains that the trial judge should have declared a mistrial when Officer Walsh testified that he found an open bottle of alcohol in the defendant's car, in contravention of the judge's earlier ruling excluding such testimony. The trial judge sustained an objection after Officer Walsh mentioned the bottle of alcohol and then allowed a motion to strike Officer Walsh's testimony on this point. During her subsequent jury instructions, the judge reminded the jury to disregard any struck evidence. We review a decision denying a motion for a mistrial for an abuse of discretion. See *Commonwealth* v. *Lao*, 460 Mass. 12, 19 (2011). "Where a party seeks a mistrial in response to the jury's exposure to inadmissible evidence, the judge may 'correctly rel[y] on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant.'" *Commonwealth* v. *Martinez*, 458 Mass. 684, 700 (2011), quoting from *Commonwealth* v. *Kilburn*, 426 Mass. 31, 37-38 (1997). We discern no abuse of discretion in denying a mistrial in light of the judge's prompt response to the inadvertent admission of Officer Walsh's testimony as to the bottle of alcohol.

*Judgment affirmed.*