Vuono, J.
Following a jury trial in the Boston Municipal Court, the defendant, Lawrence F. Maguire, was convicted of open and gross lewdness and lascivious behavior in violation of G. L. c. 272, § 16, and resisting arrest in violation of G. L. c. 268, § 32B.[1] On appeal, the defendant claims that the evidence was insufficient to support the convictions.[2] We affirm.
*856 Background. As is required in considering a question of the sufficiency of the evidence, “we must look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt.” Commonwealth v. Ruci, 409 Mass. 94, 96 (1991), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). A reasonable jury could have found the following facts.
On the afternoon of October 14, 2010, Detective Sean Conway of the Massachusetts Bay Transportation Authority (MBTA) and the defendant were on a train headed for the Park Street station. Once the train arrived at the station, the defendant transferred to another train and sat down across from a college-aged woman. Unbeknownst to the defendant, Detective Conway had followed him and was standing about eight to ten feet away when he saw the defendant rub his penis with his hand over his pants for thirty seconds to a minute.[3] The defendant alighted from the train at the Hynes Convention Center station, and Detective Conway continued to follow him.
Upon arriving on the station platform, Detective Conway saw the defendant lean against a pillar with his hands in front of him. There were about twenty to twenty-five people on the platform and two or three women sitting on a bench five to six feet away from the defendant. The defendant faced the women and jerked his head up and down as if he was seeking their attention, and then he began to move his hands as if he was preparing to urinate. Detective Conway was approximately thirty feet behind the defendant when he observed this behavior, which he demonstrated to the jury.
In order to better see what the defendant was doing, Detective Conway crossed over the platform to the other side of the tracks. As he was coming down the stairs, he had a clear view of the defendant, who, while still facing the women sitting on the bench, had exposed his penis. Detective Conway testified that he saw the defendant’s penis for one or two seconds and was “disgusted” *857 and “concerned” that the women sitting on the bench were being “victimized” by the defendant’s behavior.
Almost simultaneously with seeing the defendant expose his penis, Detective Conway made eye contact with the defendant, who immediately tried to zip up his pants and ran away. Detective Conway returned to the other side of the platform and attempted to speak with the women for whom he was concerned. However, for reasons which are not clear from the record, he was not able to communicate with them. Meanwhile, the defendant was running away; thus, Detective Conway cut short his inquiry and chased after the defendant. During the ensuing pursuit, Detective Conway said, “[S]top, police,” to no avail. Eventually, Detective Conway caught up with the defendant, and once again commanded the defendant to stop by repeating, “[S]top, police.” At this point, the defendant stopped, turned toward Detective Conway, and put up his fists in a fighting stance. He then punched Detective Conway in the “chest and arm area.” Detective Conway struggled with the defendant for two to three minutes before he was able to subdue him and place him in handcuffs.
Discussion. 1. Open and gross lewdness. While the statute, G. L. c. 272, § 16, does not define “open and gross lewdness and lascivious behavior,” our decisional law requires proof of five elements to support a conviction: “that the defendant (1) exposed genitals, breasts, or buttocks; (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so ‘as to produce alarm or shock’; (5) thereby actually shocking or alarming one or more persons.” Commonwealth v. Swan, 73 Mass. App. Ct. 258, 260-261 (2008) (Swan), quoting from Commonwealth v. Kessler, 442 Mass. 770, 773 & n.4 (2004). See Instruction 7.400 of the Criminal Model Jury Instructions for Use in the District Court (2009). The defendant contends there was insufficient evidence as to all five elements.
Our review of the evidence leaves us with no question as to the sufficiency of the evidence with regard to the first four elements. Detective Conway’s testimony of his observations permitted a rational jury to find beyond a reasonable doubt that the defendant “exposed” his penis and that he did so “intentionally” and “openly.” Furthermore, because the defendant exposed himself while facing the women sitting on a bench, and in a public place, the jury also could infer that this action was done in such a way so as to cause alarm or shock. See Swan, supra at 261 (defendant’s positioning himself in close proximity to victim considered *858 as evidence that defendant exposed himself in a manner so as to produce shock or alarm). However, the sufficiency of the evidence as to the fifth element of the offense, which requires the Commonwealth to prove that the defendant actually caused one or more persons to experience shock or alarm, is a closer question. We recently addressed the quantum of evidence required to prove this element beyond a reasonable doubt in Commonwealth v. Pereira, 82 Mass. App. Ct. 344, 346-348 (2012) (Pereira). In that case, we said that “[w]here an ‘observer suffered significant negative emotions as a result of the exposure,’ the observer’s reaction ‘could justifiably be deemed alarm or shock,’ [sufficient] to convict a defendant of open and gross lewdness.” Id. at 347, quoting from Commonwealth v. Kessler, supra at 775. We further noted that “[witnesses are not required to use any special words to express that they experienced a significant negative emotion” and “[c]ourts have found a variety of formulations of negative emotions to satisfy the element of causing actual shock or alarm, so long as the emotions were of a significant character.” Pereira, supra at 347.
Our decision in Pereira, contrary to the conclusion reached by the dissent, controls the outcome here. In that case, we concluded that a rational jury could have found beyond a reasonable doubt that the defendant’s actions — masturbating while sitting in his vehicle, which was parked near the Sullivan Square MBTA station — produced the requisite shock and alarm in a police officer who observed the defendant. The officer’s attention was drawn to the defendant because “he had his head down” and “his right shoulder was hunching up and down.” Id. at 345. The officer approached the defendant’s vehicle and upon looking in the window observed the defendant with his pants down, masturbating. Ibid. The officer described his reaction to the defendant as feeling “personally, angry, a little bit disgusted.” Ibid. The officer also noted that it was “a busy area, a lot of women around there, kids, everything so I wasn’t happy about it.” Ibid.
Here, Detective Conway stated that the defendant’s exposure caused him to feel “disgusted” and “concerned that the females that were sitting on the bench were being victimized by his behavior.” The defendant argues that “disgust” and “concern,” absent other evidence, are too equivocal to convey a significant negative emotion. We note no significant distinction between the “little bit disgusted” and “angry” described by the police officer in Pereira and the “disgust” and “concern[ ]” described by *859 Detective Conway.[4] See Commonwealth v. Gray, 40 Mass. App. Ct. 901, 901 (1996) (evidence sufficient where victim, a member of the maintenance staff at a shopping mall, was “disgusted” by sight of two men engaged in act of fellatio in public bathroom); Commonwealth v. Poillucci, 46 Mass. App. Ct. 300, 303-304 (1999) (even though witness “did not express herself hysterically,” a rational fact finder could conclude that she had been “shocked or alarmed” based on her description of what she saw and that she felt “very uncomfortable and nervous”); Swan, 73 Mass. App. Ct. at 261 (witness’s testimony that he was “grossed out” and “nervous” sufficient for finding that he was “alarmed”).
Further, contrary to the defendant’s assertion, Detective Conway’s expressed concern for the public is relevant in that it illuminates “how the circumstances surrounding the incident influenced [Detective Conway’s] reaction to it,” Pereira, 82 Mass. App. Ct. at 348, and, ultimately, supports the conclusion that the defendant’s conduct caused him to be shocked or alarmed. Accordingly, we conclude that the judge did not err in denying the defendant’s motion for a required finding of not guilty.
2. Resisting arrest. A defendant resists arrest if “he [or she] knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another.” G. L. c. 268, § 32B(a), inserted by St. 1995, c. 276. The crime occurs at the time an officer is “effecting” an arrest, which is when “there is (1) an actual or constructive seizure or detention of the person, [(2)] performed with the intention to effect an arrest and [(3)] so understood by the person detained.” Commonwealth v. Grandison, 433 Mass. 135, 145 (2001) (quotation omitted). The relevant inquiry is an objective one: i.e., whether, under the circumstances, a *860 reasonable person would have understood that he was being arrested. Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008).
Viewed in the light most favorable to the Commonwealth, the evidence established that in response to Detective Conway’s repeated commands of “[S]top, police,” the defendant continued to run, and when the detective caught up with the defendant, the defendant assumed a fighting stance and threw a punch at the detective. Afterward, the defendant struggled with Detective Conway, even though the detective repeatedly ordered him to place his hands behind his back. Even if we were to assume, as the defendant claims, that he did not initially recognize Detective Conway as a police officer (Detective Conway was not in uniform, but he wore a badge and his firearm was visible), the evidence was sufficient to support the finding that the defendant understood that Detective Conway was a police officer when he said, “[S]top, police.” Moreover, given the protracted struggle to place him in handcuffs and the shouts to comply, a reasonable person would have understood that he or she was subject to arrest. See Commonwealth v. Quintos Q., 457 Mass. 107, 111 (2010). Accordingly, we reject the defendant’s challenge to his conviction of resisting arrest.

Judgments affirmed.

The jury acquitted the defendant of assault and battery on a public employee, G. L. c. 265, § 13D, and the lesser included offense of assault and battery.

The defendant moved for a required finding of not guilty at the close of the Commonwealth’s case and renewed his motion at the close of all the evidence. The defendant testified on his own behalf and denied engaging in any inappro *856 priate or criminal behavior. As the jury was entitled to reject the defendant’s testimony in its entirety, the Commonwealth’s case did not deteriorate with the presentation of the defendant’s case. See Commonwealth v. Berry, 68 Mass. App. Ct. 78, 81 (2007). Therefore, we limit our discussion of the evidence to that presented by the Commonwealth in its case-in-chief.

The record does not disclose the reasons for which Detective Conway initially followed the defendant.

We respectfully disagree with the conclusion reached by our dissenting colleague that Detective Conway’s feeling of “disgust” was of a “vicarious sort” more akin to being offended than shocked or alarmed and, therefore, insufficient to satisfy the fifth element of the offense charged. That a rational jury could reasonably so conclude is inconsequential. The question so often repeated in our cases is whether any rational trier of fact could conclude, beyond a reasonable doubt, that the defendant’s actions produced shock or alarm in Detective Conway. Moreover, that the detective, according to the dissent, should not have been surprised by the defendant’s conduct does not preclude a finding that he was, in fact, shocked or alarmed.