Milkey, J.
(concurring in part and dissenting in part). There plainly was sufficient proof that the defendant committed an indecent exposure under G. L. c. 272, § 53. That statute requires only an “intentional act of lewd exposure, offensive to one or more persons.” Commonwealth v. Swan, 73 Mass. App. Ct. 258, 261 (2008) (quotation omitted). However, as the Supreme Judicial Court has repeatedly emphasized, significant additional proof is required for the far more serious charge of open and gross lewdness under G. L. c. 272, § 16.[1] See Commonwealth v. Kessler, 442 Mass. 770, 774 (2004) (.Kessler) (insufficient proof that defendant’s masturbating in front of window constituted open and gross lewdness). Because I believe the necessary addi *861 tional proof is absent here, I respectfully dissent.[2]
As the Supreme Judicial Court has made clear, “the central purpose of G. L. c. 272, § 16, [i]s one of preventing fright and intimidation, particularly regarding children.” Commonwealth v. Ora, 451 Mass. 125, 128 (2008) (Ora). A conviction under that statute requires, inter alia, proof beyond a reasonable doubt that at least one person was in fact “alarmed” or “shocked” by a defendant’s conduct. See Kessler, supra at 772-773 & n.4. Open and gross lewdness is a “much more serious offense than . . . indecent exposure and consequently requires a substantially more serious and negative impact as a result of the behavior.” Ora, supra at 127 (citation omitted), citing Kessler, supra at 774-775. Detective Conway was the only known eyewitness to the defendant’s exposing himself,[3] and consequently, the Commonwealth’s case depended on proof that the exposure caused the detective to experience a “serious negative emotional experience” above and beyond “mere nervousness [or] offense.” Kessler, supra at 774. In my view, the Commonwealth did not come close to meeting its burden here.
As we recently held, the Commonwealth may put forward a police officer as the victim of an open and gross lewdness charge, and this does not raise the Commonwealth’s burden of proof. Commonwealth v. Pereira, 82 Mass. App. Ct. 344, 348 (2012) (Pereira). However, relying on a police officer as the victim obviously also cannot lower the Commonwealth’s burden; it still must prove that the officer personally was “alarmed” or “shocked” by a defendant’s conduct. To be sure, Detective Conway stated that he “was disgusted” upon seeing the defendant’s exposed penis, and the majority accurately points out that such language is similar to that used by witnesses in cases in which convictions for open and gross lewdness have been affirmed. See, e.g., Commonwealth v. Gray, 40 Mass. App. Ct. 901, 901 (1996) (victim “disgusted” by sight of oral sex act in public bathroom). But, as the cases make clear, the specific language used by an eyewitness to alleged open and gross lewdness is not dispositive. See Pereira, supra at 347 (“Witnesses are not required to use any *862 special words to express that they experienced a significant negative emotion”). Just as the absence of any particular language in a witness’s description of his reaction is not necessarily fatal to the Commonwealth’s case, so too the presence of any particular language is not necessarily sufficient.
Here, the detective himself went on to explain in detail the nature of his reaction. Immediately after noting that he “was disgusted,” he elaborated that he “was concerned that the females that were sitting on the bench were being victimized by [the defendant’s] behavior.” Thus, his “disgust” was of a vicarious sort, bom of his “concern” that others might be affected by the defendant’s behavior. In this sense, Detective Conway used the term “disgusted” to mean something analogous to “offensive” under the indecent exposure statute. See Commonwealth v. Cahill, 446 Mass. 778, 781 (2006) (“Offensive acts are those that [are] . . . repugnant to the prevailing sense of what is decent or moral”) (quotation omitted).
The rest of the detective’s testimony reinforces that he personally was not “shocked” or “alarmed.” He acknowledged that it was “common” for him to see exposed penises in such settings as public restrooms and locker rooms, and that he personally was not disgusted by seeing them. In addition, he hardly can claim surprise by the sight of the defendant’s penis after the great lengths he went to in order to put himself in a position to see it.[4] After the detective observed the defendant’s exposed penis, he proceeded in a prompt but measured manner to effect the defendant’s arrest. His moving in this manner is not evidence of his *863 “shock” or “alarm” but, rather, is merely evidence that he effectively was doing his job. Contrast Commonwealth v. Gray, 40 Mass. App. Ct. at 901 (highlighting that citizen victim reacted “swiftly” by moving to stop the defendants and to contact the police). Simply put, a police officer’s moving quickly to arrest someone whom he observed exposing his genitals in public reveals nothing about the officer’s emotional state.
Nothing in Pereira dictates an affirmance here. That case involved a public sex act (masturbation) rather than mere exposure, and the officer there testified that he was “angry” in addition to being somewhat “disgusted.” Pereira, 82 Mass. App. Ct. at 345. Moreover, Pereira does not state that a police officer’s “disgust” on behalf of others, without more, suffices to support a finding that the officer was “alarmed or shocked.” Reading Pereira in this manner would render it inconsistent with Kessler. In addition, this would allow the Commonwealth to convert any ordinary indecent exposure case into one for open and gross lewdness anytime there was a police eyewitness who was willing to state that, out of concern for others, he or she was “disgusted” by the defendant’s actions.
In sum, I believe there was insufficient evidence that the defendant’s conduct here caused a “substantially more serious and negative impact” on the detective than that required to make out a case of indecent exposure. Ora, 451 Mass, at 127. I therefore would reverse the defendant’s conviction of open and gross lewdness and remand for entry of a conviction on the lesser included crime of indecent exposure.

Open and gross lewdness is a felony punishable by up to three years in State prison. G. L. c. 272, § 16. Indecent exposure is a misdemeanor punishable by up to six months in a jail or house of correction. G. L. c. 272, § 53.

I agree with the majority that there was sufficient evidence to support the defendant’s conviction of resisting arrest.

The Commonwealth presented no evidence that the women on the bench or any person other than Detective Conway in fact observed the defendant’s exposure. Detective Conway himself was able to view the defendant’s exposed penis only by running up the stairs to get to the opposite subway platform.

The fact that Detective Conway voluntarily placed himself in a position to observe the defendant’s penis itself raises some doubt as to the validity of this prosecution. The Supreme Judicial Court has made clear that the open and gross lewdness “statute cannot be constitutionally applied to public displays of lewdness and nudity unless they are imposed upon an unsuspecting or unwilling audience.” Ora, 451 Mass, at 126, citing Revere v. Aucella, 369 Mass. 138, 142-143 (1975), appeal dismissed sub nom. Charger Invs., Inc. v. Corbett, 429 U.S. 877 (1976). Needless to say, an officer who views offensive conduct as part of his or her job is differently situated from a civilian who voluntarily views such conduct. However, the differences do not necessarily aid the Commonwealth. Cf. Commonwealth v. Mulvey, 57 Mass. App. Ct. 579, 584 (2003) (evidence that officers were concerned with disruption caused by defendant’s yelling by itself could not satisfy public element of disorderly conduct charge; “behavior that has an impact only upon members of the police force is significantly different from that affecting other citizens in [part because] it is an unfortunate but inherent part of a police officer’s job to be in the presence of distraught individuals”).