## COMMONWEALTH *vs.* EARL N. CASH.

No. 03-P-768.

Barnstable. February 16, 2005. - October 21, 2005.

Present: LAURENCE, COHEN, & KATZMANN, JJ.

*Identification. Evidence,* Testimony of third party respecting identification. *Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel, Self-incrimination. *Witness,* Immunity.

At a criminal trial, the admission in evidence of a police officer's hearsay testimony concerning an extrajudicial identification of the defendant by the victim, even if error, created no substantial risk of a miscarriage of justice, where, in view of the strength of the Commonwealth's case on the question of identification, there was no serious doubt whether the result of the trial might have been different had the testimony been excluded [813-816]; similarly, trial counsel did not render ineffective assistance by failing to request and object to instructions about the use of the police officer's testimony, or by failing to object to the prosecutor's reference to the testimony in his closing argument [816].

A criminal defendant seeking a new trial failed to demonstrate that his due process rights were violated by the motion judge's refusal to grant immunity to a witness who sought to recant his trial testimony identifying the defendant as the assailant, where the proffered recantation would have been equivocal at best and would have had marginal exculpatory impact, and where there was no other meritorious basis to support the defendant's request for witness immunity. [816-818]

INDICTMENTS found and returned in the Superior Court Department on February 26, 2002.

The cases were tried before *Gary A. Nickerson,* J., and motions for a new trial and to compel immunity were heard by him.

*Elizabeth Doherty* for the defendant.

*J. Thomas Kirkman,* Assistant District Attorney, for the Commonwealth.

COHEN, J. A Superior Court jury found the defendant guilty of mayhem (G. L. c. 265, § 14) and assault and battery by means

of a dangerous weapon (G. L. c. 265, § 15A), arising from a fight during which the victim, Rosario Alaniz, was attacked with a knife. The primary issue at trial was whether the defendant, who did not dispute being present at the fight, was the individual who wounded the victim. Before us are the defendant's consolidated appeals from his convictions and the subsequent denial of a motion for a new trial.

In his direct appeal, the defendant argues that the trial judge erroneously admitted as substantive evidence a police officer's testimony concerning an extrajudicial identification of the defendant by the victim. The defendant also claims that trial counsel rendered ineffective assistance by failing to request and object to instructions about the use of the police officer's testimony, and by failing to object to the prosecutor's reference to the officer's testimony in closing argument. In his motion for a new trial, the defendant argued that his right to due process of law was violated by the motion judge's[1] refusal to grant immunity to the victim's brother, Pedro Alaniz (Pedro),[2] who sought to recant his trial testimony identifying the defendant as the assailant. We affirm.

1. *Extrajudicial identification.* At trial, after being reminded of testimony that he gave at the defendant's probation surrender hearing, police Officer Steven Everett testified that approximately four hours after the incident, the victim selected a photograph of the defendant and stated that the defendant was the person who had attacked him. Defense counsel objected to this testimony, but only on the ground that the Commonwealth was trying to impeach the police officer with a prior inconsistent statement. It is clear from the record, however, that this objection was not apt and properly was overruled. There was no inconsistency; the prosecutor, after having laid the appropriate foundation, was using the officer's prior testimony only to refresh his recollection.

The defendant now argues for the first time that Officer Everett's testimony was inadmissible hearsay and that its erroneous admission warrants reversal. The Commonwealth concedes that

---

[1] The motion judge was also the trial judge.

[2] We refer to Pedro Alaniz as "Pedro" to avoid confusion with another witness and the victim, all of whom have the same last name.

the evidence was hearsay and did not fall within the exception set out in *Commonwealth* v. *Daye*, 393 Mass. 55, 61 (1984),[3] but claims that its admission did not create a substantial risk of a miscarriage of justice.

Subsequent to the briefing and oral argument of this case, the Supreme Judicial Court decided *Commonwealth* v. *Cong Duc Le*, 444 Mass. 431 (2005). In *Cong Duc Le*, the Supreme Judicial Court fully endorsed Proposed Mass.R.Evid. 801(d)(1)(C), departing from its previous view, expressed in *Daye, supra* & n.9, that the proposed rule was inapplicable to third-party testimony. *Cong Duc Le, supra* at 436-441. Like its Federal counterpart, proposed rule 801(d)(1)(C) provides that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person [made] after perceiving him." *Id.* at 436-437. Thus, whether and to what extent third-party testimony about a witness's out-of-court identification may be admitted in evidence no longer turns on whether the identifying witness acknowledges or denies his extrajudicial identification at trial. See *id.* at 439-440. The third-party testimony will be admitted for substantive purposes, as long as the cross-examination requirement is satisfied. *Ibid.* As the court explained, it is for the jury to "determine whose version to believe — the witness who claims not to remember or disavows the prior identification (including that witness's version of what transpired during the identification procedure), or the observer who testifies that the witness made a particular prior identification." *Ibid.*

The question remains whether *Cong Duc Le* applies to the present case. The issue is not free from doubt because, in *Cong Duc Le*, the question presented was not whether it was error to

---

[3]At trial, the victim was unable to identify the person who knifed him, although he did identify the defendant as being one of three men who approached and fought with him. The victim testified that he remembered being shown a photo array about four hours after the incident, and selecting pictures of several persons, including the defendant, who were at the fight. He also testified that he was not asked at that time to identify the man who had slashed him. Both the defendant and the Commonwealth characterize the victim's testimony as neither denying nor acknowledging his prior identification of the defendant as the person who had slashed him.

allow the third-party testimony to be heard by the jury at all, but whether it was error to admit it as substantive evidence (and not merely as impeachment) when the identifying witness denied having made such an identification. *Id.* at 432, 441. The court held that, in those circumstances, it was not unfair to apply its new approach retroactively in view of the minimal impact, if any, that a limiting instruction would have had on the jury's weighing of the over-all evidence of identification. *Id.* at 442. The court, however, did not indicate whether the new approach was to be applied retroactively in other circumstances.

Although *Cong Duc Le* fundamentally has changed the premise upon which the defendant claims (and the Commonwealth concedes) that the admission of Officer Everett's testimony was error, we need not consider its effect on the case at bar. Instead, we decide the case on other grounds, agreeing with the Commonwealth that the admission of Officer Everett's testimony, even if erroneous, created no substantial risk of a miscarriage of justice.

Quite apart from Officer Everett's testimony, there was considerable additional testimony from percipient witnesses that pointed to the defendant as the person who knifed the victim. This would be the case even if we were to discount Pedro's trial testimony identifying the defendant as the assailant, which Pedro later sought to recant because he no longer was "sure." Nicole Eaton, who had known the defendant before the evening of the fight, testified at trial that she witnessed the victim being pushed in front of the defendant; that she saw the defendant bringing his hand up and then back down in a downward motion; that after this movement by the defendant, the victim fell to the ground; and that when he stood up, there was blood everywhere. In addition, another of the victim's brothers, Enrique Alaniz, placed the defendant in the immediate area of the fight, as did the victim himself.

A substantial risk of a miscarriage of justice exists when there is "a serious doubt whether the result of the trial might have been different had the error not been made." *Commonwealth* v. *Randolph*, 438 Mass. 290, 297 (2002), quoting from *Commonwealth* v. *Azar*, 435 Mass. 675, 687 (2002). In view of the strength of the Commonwealth's case on the question of

identification, we have confidence that the jury would have reached the same conclusion had Officer Everett's testimony been excluded.

2. *Ineffective assistance.* In his direct appeal, the defendant argues that his counsel was ineffective. Although the defendant did not raise this issue in his motion for a new trial, the record before us allows us to exercise our discretion to decide the issue. See *Commonwealth* v. *Vickers*, 60 Mass. App. Ct. 24, 33 n.9 (2003).

Having laid a proper foundation that Officer Everett's memory was exhausted, the prosecutor reminded him of his prior testimony. In doing so, the prosecutor was not attempting to impeach the officer, but only to refresh his recollection. The defendant therefore was not entitled to an instruction that the testimony could be considered only to assess the officer's credibility, and counsel was not ineffective for failing to ask for such an instruction or to object to the judge's instructions as given. See, e.g., *Commonwealth* v. *Vieux*, 41 Mass. App. Ct. 526, 527 (1996). Nor was counsel ineffective for failing to object to the prosecutor's reference to Officer Everett's testimony in closing argument. See, e.g., *Commonwealth* v. *Constantino*, 443 Mass. 521, 527 (2005). The testimony was in evidence for all purposes and was the proper subject of comment. See *ibid.*

In reality, although couched in other terms, this claim of ineffective assistance arises only from trial counsel's failure to object to the hearsay nature of the testimony. Whether the issue is viewed as an unpreserved error or as ineffective assistance in failing to object, the substantial risk of a miscarriage of justice standard applies. See *Commonwealth* v. *Randolph*, *supra* at 297. As previously discussed and explained, we discern no such risk here.

3. *Witness immunity.* Pedro, the victim's eldest brother, testified at trial that he witnessed the defendant cut the victim with a knife. Pedro later contacted defense counsel to express doubts about his testimony, and signed an affidavit stating that he no longer was sure that the defendant was the assailant. At the hearing on the defendant's motion for a new trial, the judge appointed counsel for Pedro to advise him of his rights. After

consultation with counsel, Pedro asserted his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and did not testify at the motion hearing.

The defendant argues that the judge violated his due process rights by failing to give Pedro immunity. We disagree. By statute, a Superior Court judge may immunize a witness at the request of a district attorney or the Attorney General. See G. L. c. 233, § 20E. However, the Supreme Judicial Court has "declined to recognize a defendant's constitutional right to a judicial grant of immunity to defense witnesses." *Commonwealth* v. *Doherty*, 394 Mass. 341, 344 (1985). Even if "the assertion by a witness of his Fifth Amendment right may in some cases hinder a defendant's ability to present his most effective defense . . . this potential problem [does not] justif[y] creation of a general doctrine of judicial immunity for defense witnesses." *Ibid.*, quoting from *Commonwealth* v. *Curtis*, 388 Mass. 637, 646 (1983).

Although the court has left open the possibility that "in some unique circumstances . . . due process may require the granting by a judge of a limited form of immunity" to a prospective defense witness, *Commonwealth* v. *Curtis, supra*, those circumstances have yet to be delineated. It has been observed, however, that whatever the criteria for such an exceptional ruling, a grant of judicial immunity would not be warranted if, as is the case here, the proffered testimony is ambiguous, not clearly exculpatory, or cumulative. See *Commonwealth* v. *Doherty, supra* at 345.

Assuming that Pedro would testify consistently with his affidavit, his recantation would be equivocal at best. He merely would state that, by the time of trial, he no longer had been "sure" that it was the defendant who had attacked the victim. Pedro still would identify the defendant as one of the three main participants in the attack and would not rule the defendant out as the assailant. Moreover, while Pedro may have been the only witness who stated that he saw the knife in the defendant's hand, other witnesses placed the defendant at the scene, and the one witness who actually knew the defendant not only identified him but also described him raising and lowering his hand in a stabbing motion, after which the victim was left bleeding.

Thus, were Pedro immunized, the exculpatory impact of his testimony would be marginal. See *Commonwealth* v. *Grimshaw*, 31 Mass. App. Ct. 917, 920 (1991), *S.C.*, 412 Mass. 505 (1992).

Other grounds asserted by the defendant in support of his request for witness immunity are equally without merit. The judge was entitled to find that there was no basis for the defendant's assertion that a judicial grant of immunity was required because the prosecutor intentionally attempted to distort the fact-finding process. There was no evidence here of "an attempt to harass or intimidate potential witnesses, or . . . that the prosecutor deliberately withheld immunity for the purpose of hiding exculpatory evidence from the jury." *Curtis* v. *Duval*, 124 F.3d 1, 9 (1st Cir. 1997). The only evidence of any prosecutorial pressure is the claim made in Pedro's affidavit that the prosecutor threatened him with contempt and said that he could be charged with perjury if, at trial, he did not affirm the identification he had made at an earlier probation surrender hearing. However, this assertion was unsupported, and other evidence strongly suggested that Pedro was not pressured or intimidated.

Before Pedro testified at trial, he engaged in an extended discussion with the judge about his desire to "forgive" the defendant, thus implying his continued belief in the defendant's guilt. Later, during his trial testimony, Pedro did not merely affirm his identification, he confidently defended it — stating at one point: "Sir, let me tell you, when they stab your brother and they come near you with a knife, you [*sic*] going to make sure a hundred percent — a hundred and ten percent you're going to remember that face. . . . Remembering people, I am very good at it." The fervency of this testimony belies Pedro's subsequent assertion that he made his trial identification reluctantly.

The defendant also argues that the Commonwealth acted in bad faith in refusing to grant immunity to Pedro. However, we find nothing in the record to suggest that the prosecutor's decision not to immunize Pedro was based upon anything other than the Commonwealth's legitimate interest in preserving the integrity of the trial.

4. *Conclusion.* For the foregoing reasons the judgments of

conviction are affirmed, and the order denying the defendant's motion for a new trial is affirmed.

*So ordered.*