NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-840

COMMONWEALTH

vs.

GABRIEL WILLIAM MILLER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of two counts of violating an abuse prevention order, G. L. c. 209A, § 7.  On appeal, the defendant argues that his conviction should be reversed because there was insufficient evidence to conclude that the defendant contacted the victim or intended any contact with the victim through a third party.  The defendant also argues he was unfairly prejudiced by the judge's failure to give a missing witness instruction.  We affirm.

Background.  With respect to our analysis of the defendant's argument regarding the sufficiency of the evidence, we summarize the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-

677 (1979). The defendant and the victim dated for about a year until ending their relationship in January 2020. In May 2020, the victim obtained an abuse prevention order against the defendant. The order required the defendant "NOT TO CONTACT THE [VICTIM] in person, by telephone, including electronically, or otherwise, either directly or through someone else," and to stay away from the victim's previous residence located at a specified address. The order was in effect from May 13, 2020, to November 27, 2020.

"From the time of the restraining order"[1] until mid-July of 2020, the victim received mail with handwritten notes on the outside of the envelope "three or four" times. All the notes were written on envelopes addressed to the victim. Recognizing his handwriting, the victim believed that the defendant wrote the notes. The victim's friend had retrieved the mail from the occupant of the apartment specified in the abuse prevention order and gave the mail to the victim.

On July 14, 2020, the victim went to the Barnstable police department to report that the defendant was in violation of the order. She brought one of the notes and some cards that the defendant had written to her to show the similarity between the

---

[1] Throughout the trial, the abuse prevention order was referenced as the "restraining order."

2

handwriting.  Two of the notes and a letter were introduced into evidence at trial.

The first note began with a request that the victim not "lock [the defendant] up."  The defendant also stated, "I've come to realize how much pain and grief I have caused you."  He ended by stating it was his intent to make sure the victim received any other mail that arrived at the defendant's mailing address, and that he would "try to get [any other mail] to [her] without disturbing [her] the best way [he could]."  In the second note, the defendant wrote that "[r]isking [his] freedom just to express some thoughts [felt] awful."  He pleaded to the victim, "Don't lock me up.  I'm just getting this mail to you." A third envelope contained a letter that the victim had sent to the defendant in November 2019, prior to the issuance of the order.  The victim was not aware of any person who had access to the letter other than the defendant.

Discussion.  1.  Sufficiency of the evidence.  In reviewing a sufficiency of the evidence claim, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).  The essential elements of violating an abuse prevention order under G. L. c. 209A, § 7, are that

3

(1) "a court . . . issued an abuse prevention order"; (2) "the order was in effect on the date when its violation allegedly occurred"; (3) "the defendant knew the relevant terms of the order were in effect"; and (4) "the defendant violated a term of the order." Commonwealth v. Shea, 467 Mass. 788, 794 (2014). Here, the defendant argues that the Commonwealth failed to present sufficient evidence to satisfy the fourth element. We disagree.

The defendant's contention that the evidence was insufficient to establish that he contacted the victim or intended to contact a third party misses the mark. Here, the jury had more than a sufficient basis to conclude that the defendant intended to contact the victim. See Commonwealth v. Cole, 473 Mass. 317 (2015) ("The inferences drawn by the jury from the evidence need only be reasonable and possible and need not be necessary or inescapable [quotation omitted]").

The contents of the notes make clear that the defendant was aware that an order was in effect at the time he authored them. For example, both notes state, "Don't lock me up," and the second note referred to "the Stay away Agreement." It was thus reasonable for the jury to conclude that such references were to the abuse prevention order. The notes also make clear that the defendant knew he should not be contacting the victim. The first note mentioned that he was trying not to disturb the

4

victim and the second note stated, "I'm just getting this mail to you."  Moreover, the victim recognized the handwriting on each of the notes as belonging to the defendant based on their year-long relationship during which the defendant had written the victim approximately twenty notes.  Thus, the jury could have reasonably concluded that the defendant violated the abuse prevention order as envelopes with the defendant's handwritten notes were left in the victim's former residence with the intention they be delivered to the victim.

2.  Lack of missing witness instruction.  The defendant did not request a missing witness instruction at trial.  Because there was no request, our review is limited to whether there was a substantial risk of a miscarriage of justice.  Commonwealth v. Duncan, 100 Mass. App. Ct. 635, 640 (2022).  "A substantial risk of a miscarriage of justice exists when there is a serious doubt whether the result of the trial might have been different had the error not been made" (quotation omitted).  Commonwealth v. Cash, 64 Mass. App. Ct. 812, 815 (2005).  We find no prejudice to the defendant from his counsel not requesting the instruction.

On appeal, the defendant submits he was prejudiced by his counsel not requesting a missing witness instruction because the Commonwealth failed to call the witnesses who had allegedly received the mail from the defendant.

5

"In order to determine whether there has been a sufficient foundation for a missing witness instruction, we look at '(1) whether the case against the defendant is [so strong that,] faced with the evidence, the defendant would be likely to call the missing witness if innocent; (2) whether the evidence to be given by the missing witness is important, central to the case, or just collateral or cumulative; (3) whether the party who fails to call the witness has superior knowledge of the whereabouts of the witness; and (4) whether the party has a "plausible reason" for not producing the witness.'"

Commonwealth v. Broomhead, 67 Mass. App. Ct. 547, 552 (2006), quoting Commonwealth v. Ortiz, 61 Mass. App. Ct. 468, 471 (2004).

Here, there was ample evidence, from the notes themselves, that the defendant intended the victim to receive the notes. The witnesses who obtained the mail and then gave them to the victim would have added nothing to the Commonwealth's case. More importantly, there is no basis for an inference that if the witnesses had testified, they would have given testimony unfavorable to the Commonwealth. See, e.g., Commonwealth v. Keniston, 423 Mass. 304, 314 (1996). The instruction "should be invited only in clear cases, and with caution." Commonwealth v. Williams, 450 Mass. 894, 901 (2008), quoting Commonwealth v. Schatvet, 23 Mass. App. Ct. 130, 134 (1986).

These circumstances do not meet the preconditions to allow a missing witness instruction. Because the defendant would not have been entitled to a missing witness instruction had he requested one, he cannot now make a claim that his counsel was

6

ineffective, nor that there was a substantial risk of a miscarriage of justice. See <u>Commonwealth</u> v. <u>Conceicao</u>, 388 Mass. 255, 264-265 (1983) (failure by defense counsel to request judicial action cannot amount to ineffective assistance where doing so would have been futile).

<u>Judgments affirmed</u>.

By the Court (Vuono, Neyman &
D'Angelo, JJ.[2]),

Clerk

Entered:  October 23, 2024.

---

[2] The panelists are listed in order of seniority.