APPEALS COURT 
 
 COMMONWEALTH vs. JARROD F. ST. MARTIN

 
 Docket:
 23-P-1380
 
 
 Dates:
 September 11, 2024 - November 6, 2024
 
 
 Present:
 Vuono, Neyman, & D'Angelo, JJ.
 
 
 County:
 Bristol
 

 
 Keywords:
 Open and Gross Lewdness and Lascivious Behavior. Practice, Criminal, Instructions to jury.
 
 

  
      Complaint received and sworn to in the Attleboro Division of the District Court Department on February 4, 2020.
      The case was tried before Michele M. Armour, J.
      Charles H. Yelen for the defendant.
      Mary Lee, Assistant District Attorney, for the Commonwealth.
      D'ANGELO, J.  The defendant, Jarrod F. St. Martin, was convicted of open and gross lewdness and lascivious behavior, G. L. c. 272, § 16, by a District Court jury.[1]  His sole argument on appeal is that the trial judge's failure to define the term "recklessly" in her jury instructions created a substantial risk of a miscarriage of justice.  Although we agree that it was error not to define "recklessly," the error created no substantial risk of a miscarriage of justice.  We affirm the conviction.
      Background.  The jury could have found the following facts.  In April 2016, the defendant's stepdaughter had a close friend, Sue, sleeping over at their house.[2]  Sue was twelve years old at the time.  The children slept in the stepdaughter's bedroom.  At approximately 3:00 A.M., Sue woke up because she heard noises that sounded like a man grunting and saw someone standing against the edge of the bed.  Although the room was dark, a string of decorative lights draped over the curtains allowed Sue to make out shapes and objects.  Sue believed that the person making the grunting noises was the defendant.  Sue knew that "[h]e was pleasuring himself" because he ejaculated on her ankle that was sticking out from under the covers.  Once she felt the semen, Sue pulled her foot under the covers.  The defendant immediately ran out of the room, tripping over his own feet in an effort to quickly leave.
      Around 4:00 A.M., Sue texted her mother and sister that she wanted to be picked up.  At 8:00 A.M., her mother arrived and Sue told her about the incident.  Sue did not want to go to the police and the occurrence was never reported.  Sue never went to the defendant's house again.
      Four years later, while in high school, Sue wrote an essay describing different aspects of her life with a focus on the incident in 2016.  After the essay was submitted, police became aware of the 2016 incident and investigated.
      The trial judge instructed the jury on open and gross lewdness and lascivious behavior in accordance with the District Court's model jury instruction for the offense.  See Instruction 7.400 of the Criminal Model Jury Instructions for Use in the District Court (2017) (model jury instruction 7.400).  The judge's charge included the instruction that the Commonwealth was required to prove beyond a reasonable doubt that the defendant acted "openly, that is either he intended exposure or he recklessly disregarded a substantial risk of exposure to another person who might be offended by such conduct."  Model jury instruction 7.400 does not include a definition of the phrase "recklessly disregarded a substantial risk of exposure to another," and the judge did not provide one.  Neither party objected to the instructions.
      Discussion.  While G. L. c. 272, § 16, does not define "open and gross lewdness and lascivious behavior," the five elements of the offense have been defined by our case law.[3]  See Commonwealth v. Kessler, 442 Mass. 770, 773 (2004).  See also, e.g., Commonwealth v. Fitta, 391 Mass. 394, 396 (1984); Commonwealth v. Adams, 389 Mass. 265, 271-272 (1983); Commonwealth v. Catlin, 1 Mass. 8, 10 (1804).  Only the third element is at issue in this appeal:  whether the defendant exposed his genitals "openly."  Instruction 7.400 of the Criminal Model Jury Instructions for Use in the District Court (2017).  
      Although the judge properly followed the District Court's model jury instruction 7.400, and the defendant did not request an additional instruction on recklessness, we conclude that the judge should have specifically defined the term "recklessly."  "When a term such as 'recklessly' is used in jury instructions, it should be defined."  Kessler, 442 Mass. at 777.  See Commonwealth v. Fuller, 421 Mass. 400, 411 (1995) ("judge should explain the meaning of technical terms where that meaning is obscure and there is a possibility of confusion").  In other contexts, the District Court's model jury instructions have appropriately defined "recklessly" and may be adapted to conform for use in open and gross lewdness and lascivious behavior cases.[4]  See Kessler, supra at 777-778 (noting that proof of "recklessness" in context of open and gross lewdness and lascivious behavior under G. L. c. 272, § 16, "requires more than mere negligence or a showing that someone 'might' see the defendant").
      However, the judge's error does not require reversal in this case.  The defendant must show that any error resulted in a substantial risk of a miscarriage of justice.  See Commonwealth v. Millien, 474 Mass. 417, 432 (2016).  "A substantial risk of a miscarriage of justice exists when there is a serious doubt whether the result of the trial might have been different had the error not been made" (quotation and citation omitted).  Commonwealth v. Cash, 64 Mass. App. Ct. 812, 815 (2005).  The defendant's theory at trial had nothing to do with whether someone might see the defendant masturbating or whether the defendant was masturbating in private; his theory was that Sue lied and the incident never occurred.  In light of the defendant's trial strategy and based on the facts of this case, the judge's failure to instruct the jury on recklessness did not create a substantial risk of a miscarriage of justice.  See Commonwealth v. Randolph, 438 Mass. 290, 297-298 (2002). 
      We also discern no substantial risk that the jury, having rejected the defendant's trial theory, would have concluded that the defendant's conduct was merely "reckless."  The evidence of the defendant's intended exposure was strong.  At trial, the Commonwealth presented evidence that the defendant walked into a bedroom where his stepdaughter and Sue were sleeping.  He masturbated next to the bed so close to Sue that he ejaculated on Sue's ankle.  Additionally, the defendant was making grunting sounds as he masturbated.  Both girls could have easily awoken while the defendant was masturbating on the edge of the bed, or the stepdaughter's mother could have walked by the bedroom and seen the defendant in the bedroom.  In view of the strength of the Commonwealth's case, we have confidence that the jury would have reached the same conclusion had the judge provided a definition of "recklessly."
 
 
 
Judgment affirmed.
footnotes

          [1] The defendant also was charged with indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.  That charge was reduced to assault and battery and the jury found the defendant not guilty of that offense.  The defendant's charge of open and gross lewdness and lascivious behavior was as a subsequent offense, based on a 2003 conviction.  He was found not guilty of the subsequent offense portion of the charge after a bifurcated bench trial.
               [2] Sue is a pseudonym. 
      [3] As the judge instructed, to be convicted of open and gross lewdness and lascivious behavior, the Commonwealth must prove the following elements beyond a reasonable doubt:  (1) "the defendant exposed his genitals to one or more persons"; (2) "the defendant did so intentionally"; (3) "the defendant did so openly"; (4) "the defendant's act was done in such a way as would alarm or shock a reasonable person"; and (5) "at least one person was alarmed or shocked."
          [4] As an example, the District Court's model instruction on disorderly conduct includes a supplemental instruction that states, 
     "A person acts recklessly when he consciously ignores, or is indifferent to, the probable outcome of his actions.  The defendant was reckless if he (she) knew, or must have known, that such actions would create a substantial and unjustifiable risk of public inconvenience, annoyance or alarm, but he (she) chose, nevertheless, to run the risk and go ahead."
      
Instruction 7.160, Supplemental Instruction 3, of the Criminal Model Jury Instructions for Use in the District Court (2009).